**Ralph C. Spooner, OSB No. 732880**
E-mail: rspooner@smapc.com
SPOONER & MUCH, P.C.
530 Center Street N.E., Suite 712
Salem, OR 97301
Phone: 503-378-7777
Fax:    503-588-5899

Of Attorney for Defendant State Farm
Mutual Automobile Insurance Company

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| TRAVIS BATTEN, | Case No. 3:19-cv-01200-MC |
| Plaintiff, | |
| vs. | *Consolidated with*: <br> Case No. 1:18-cv-00676-MC |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, | **Defendant State Farm's MOTION FOR PARTIAL SUMMARY JUDGMENT Pursuant to Fed. R. Civ. P. 56(a)** |
| Defendant. | **Request for Oral Argument** |

**LR 7-1(a) CERTIFICATION**

The attorneys for the above-captioned parties made a good faith effort through telephone conference to resolve the basis for this Motion and were unable to do so.

**MOTION**

COMES NOW, defendant, State Farm Mutual Automobile Insurance Company ("State Farm"), by and through its attorney, Ralph C. Spooner, Spooner & Much, P.C., and moves the court for an Order granting summary judgment in its favor on all claims for underinsured motorist benefits asserted by plaintiff against State Farm and on its Counterclaim

for Declaratory Relief. In support of the Motion, State Farm relies upon the district court's file in

its entirety, the Declaration of Ralph C. Spooner, and the Memorandum of Law set forth below.

## MEMORANDUM OF LAW

### I.    Introduction

This motion concerns plaintiff's attempt to "stack" the underinsured motorist

("UIM") benefits to increase the damages due to plaintiff from three policies issued by State

Farm, numbered 274 2245-A12-37E, 110 5075-C11-37A, and 065 0652-F10-37C (collectively

referred to as "the State Farm policies"). By operation of the policy language of all three policies

and the applicable UIM statutes, the maximum amount payable to plaintiff for UIM benefits

under all three policies is limited to $250,000, the single highest applicable limit of any of the

three policies.

### II.    Undisputed Facts

This cases arises from plaintiff's claim for UIM benefits regarding a motor-

vehicle accident occurring on October 31, 2017. The following facts relevant to resolving this

issue are undisputed:

- Plaintiff was injured while occupying a vehicle as a passenger that was struck by a
  vehicle operated by Justin Griffin on or about October 31, 2017. Compl., ¶ 2, p. 1,
  lines 19-25 (Dkt. 1, Ex. B); and Answer, ¶ 2, pp. 1-2 (Dkt. 3).

- Justin Griffin was negligent in operating the vehicle, and was underinsured for
  plaintiff's damages. Compl., ¶¶ 3 and 5, p. 2 (Dkt. 1, Ex. B); and Answer, ¶¶ 3 and 5,
  p. 2  (Dkt. 3).

- On October 31, 2017, a motor-vehicle liability policy issued by State Farm to Travis
  R. Batten, numbered 274 2245-A12-37E ("F150 policy"), was in full force and effect,
  with UIM policy limits in the amount of $250,000. *See* F150 policy, pp. 1-2, attached

as Exhibit 1 to the Declaration of Ralph C. Spooner, and Exhibit A attached to Answer (Dkt. 3, Ex. A.)

- On October 31, 2017, a motor-vehicle liability policy issued by State Farm to Travis R. Batten, numbered 110 5075-C11-37A ("Pickup policy"), was in full force and effect, with UIM policy limits in the amount of $250,000. *See* Pickup policy, pp. 1-2, attached as Exhibit 2 to the Declaration of Ralph C. Spooner, and Exhibit B attached to Answer (Dkt. 3, Ex. B).

- On October 31, 2017, a motor-vehicle liability policy issued by State Farm to Travis R. Batten, numbered 065 0652-F10-37C ("4Runner policy"), was in full force and effect, with UIM policy limits in the amount of $250,000. *See* 4Runner policy, pp. 1-2, attached as Exhibit 3 to the Declaration of Ralph C. Spooner, and Exhibit C attached to Answer (Dkt. 3, Ex. C).

- On December 4, 2018, State Farm issued payment in the amount of $250,000 to plaintiff representing the UIM limits of the 4Runner policy. *See* Declaration of Ralph C. Spooner, ¶ 7, p. 2.

Plaintiff filed this lawsuit seeking damages for unpaid UIM benefits under the F150 policy and the Pickup policy. State Farm admitted paying the $250,000 UIM limit of the 4Runner policy and denied owing any further UIM benefits in its Answer, and filed a counterclaim for declaratory relief seeking a declaration that the damages due to plaintiff under the State Farm policies was limited to $250,000, the single highest applicable limit provided by any one of the policies.

/ / /

/ / /

III.    **Summary Judgment Standard**

Summary judgment is appropriate on claims where "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When the material facts are undisputed, the court must determine which party has correctly applied the facts to the substantive law of the jurisdiction. *See Batten v. Illinois National Ins. Co.*, 408 F. Supp. 3d 1187 (D. Or. 2019) (applying the undisputed facts to a legal dispute over whether a commercial auto policy was required under Oregon law to provide UIM coverage on the same basis that the policy provided liability coverage).

IV.    **Oregon law applies to the interpretation of an Oregon insurance policy**

In a diversity action, such as this, the court applies the substantive law of the jurisdiction. *Gasperini v. Center for Humanties, Inc.*, 518 U.S. 415, 427 (1996). Because this case involves a dispute over the interpretation of Oregon insurance policies, Oregon law applies. *Snook v. St. Paul Fire & Marine Ins. Co.*, 220 F. Supp. 314, 316-17 (D. Or. 1963). Ordinarily when interpreting insurance policies, Oregon courts look to the intent of the parties. *Hoffman Const. Co. of Alaska v. Fred S. James & Co. of Oregon*, 313 Or. 464, 836 P. 2d 703 (1992). However, when the words of the policy are required by statute, the court must follow the rules of statutory construction to determine the intent of the legislature. *Wright v. Turner*, 354 Or. 815, 820, 322 P. 3d 476 (2014).

In interpreting statutes, Oregon courts follow the analytical framework discussed in *PGE v. Bureau of Labor and Industries*, 317 Or. 606, 610, 859 P. 2d 1143 (1993) and in *State v. Gaines*, 346 Or. 160, 171-72, 206 P. 3d 1042 (2009). The court first reviews the text and context of the statute, then the legislative history, and then, if appropriate, various cannons and maxims of statutory construction. *Dowell v. Oregon Mutual Ins. Co*., 361 Or. 62, 67, 388 P. 3d 1050 (2017).

/ / /

**V.**    **The language of all three State Farm policies unambiguously limits the damages due to plaintiff for UIM benefits to $250,000.**

All three policies contain the following anti-stacking language for UIM coverage when one or more policies issued by State Farm cover the same insured:

> **If Other Uninsured Motor Vehicle Coverage of Any Kind Applies**
> 1.  If Uninsured Motor Vehicle Bodily Injury Coverage provided by this policy and Uninsured Motor Vehicle Coverage of any kind provided by one or more other vehicle policies issued to *you* or any *resident relative* by the *State Farm Companies* apply to the same *bodily injury*, then:
>     a.  such Uninsured Motor Vehicle Coverage limits of such policies will not be added together to determine the most that may be paid; and
>     b.  the maximum amount that may be paid from all such policies combined is the single highest applicable limit provided by any one of the polices. *We* may choose one or more policies from which to make payment.

F150 policy, p. 24, Ex. 1 to Spooner decl. (also at Dkt. 3, Ex. A); Pickup policy, p. 24, Ex. 2 to Spooner decl. (also at Dkt. 3, Ex. B); and 4Runner policy, p. 24, Ex. 3 to Spooner decl. (also at Dkt. 3, Ex. C) (underline emphasis added; bold/italic emphasis in original). This language unambiguously limits the damages due to plaintiff for UIM benefits to the single highest UIM limit provided by any <u>one</u> of the three policies. The "applicable" UIM limit is the stated UIM limit on the declarations page, which is $250,000 for all three State Farm policies.

Consequently, by application of all three policies' UIM anti-stacking language when two or more policies issued by State Farm cover the same insured, the maximum amount of UIM benefits payable to plaintiff is $250,000, which is the single highest applicable UIM limit provided by any one of the three policies.

/ / /

/ / /

**VI.    The legislature intended to give insurers discretion to include anti-stacking language in their policies.**

Whether a provision for UIM coverage is enforceable under Oregon law requires a comparison between the coverage provided by the policy with a fictitious policy containing the provision set forth in ORS 742.504[1]. *Vega v. Farmers Ins. Co. of Oregon*, 323 Or. 291, 302, 918 P. 2d 95 (1996). If the coverage provided by the policy is less favorable than the coverage provided by ORS 742.504, then the provision is not enforceable. *Vega*, 323 Or. at 302.

Because the issue here is the interaction of multiple policies, the applicable provision of ORS 742.504 to compare the policy to is the "other insurance" clause in ORS 742.504(9). The text of ORS 742.504(9)[2] as it exists now is unhelpful in this instance because all three policies qualify as excess coverage under ORS 742.504(9)(a)(B). Nothing in ORS 742.504(9)(a)(B) states how multiple policies that apply as excess coverage interact to provide coverage. No other provision in ORS 742.504(9) provides any guidance on this issue. To put it simply, the text of the statute does not answer this question.

The legislative history in developing ORS 742.504(9), including the recent

---

[1] Unless stated otherwise, all citations to the Oregon Revised Statutes are to the current version of the statute.

[2] ORS 742.504(9), as *amended* by Or Laws 2015, Ch. 5, states as follows:
(9)(a)    With respect to bodily injury to an insured:
    (A)    While occupying a vehicle owned by a named insured under this coverage, the insurance under this coverage is primary.
    (B)    While occupying a vehicle not owned by a named insured under this coverage, the insurance under this coverage shall apply only as excess insurance over any primary insurance available to the occupant that is similar to this coverage, and this excess insurance coverage shall then apply only to the sums that the insured or the heirs or legal representative of the insured is legally entitled to recover as damages for bodily injury or death that is caused by accident and that arises out of owning, maintaining or using an uninsured vehicle.
(b)    With respect to bodily injury to an insured while occupying any motor vehicle used as a public or livery conveyance, the insurance under this coverage shall apply only as excess insurance over any other insurance available to the insured that is similar to this coverage, and this excess insurance coverage shall then apply only to the amount by which the applicable limit of liability of this coverage exceeds the sum of the applicable limits of liability of all other insurance.

Page 6 – DEFENDANT STATE FARM'S MOTION FOR PARTIAL SUMMARY JUDGMENT

changes made by Senate Bill 411 ("SB 411"), Or. Laws 2015, Ch. 5, demonstrate that the legislature has always intended insurers to determine whether to include anti-stacking language in their UIM policies. Thus, because the legislature's intent, as discussed below, was to allow insurers to include anti-stacking language in their UIM policies, the language in the State Farm policies is enforceable to limit the available UIM coverage to the single highest applicable limit of the three State Farm policies.

A.    **The Oregon legislature disfavors *Lamb-Weston*'s application to UIM policies**

Plaintiff may argue that, because all three policies provide concurrent coverage on an excess basis, *Lamb-Weston* would apply to pro-rate the coverage provided by each of the policies. This would essentially result in stacking the coverages as plaintiff seeks. *See Lamb-Weston et al v. Oregon Auto. Ins. Co.*, 219 Or. 110, 341 P. 2d 110, *rehearing den.*, 219 Or. 130 (1959). However, this argument ignores that the Oregon legislature disfavors application of *Lamb-Weston* to UIM policies, as evidenced by ORS 742.504(9) and 742.506.

Six years after the court's decision in *Lamb-Weston*, the court applied the rule to uninsured motorist ("UM") coverage in *Smith v. Auto Ins. Co.*, 240 Or. 167, 173, 400 P. 2d 512 (1965). Two years later, the legislature enacted mandatory UM coverage with House Bill 1506, 1967 Or. Laws, Ch. 482, § 3.[3] *See* ORS 743.792 (1967) (*renumbered* ORS 742.504 in 1993). The statute as enacted contained an "other insurance" clause in ORS 743.792(9) (1967) similar to the one at issue in this litigation.[4]

---

[3] In 1981 the legislature "grafted" mandatory UIM coverage on top of mandatory UM coverage by adding what is now ORS 742.504(4), which makes UIM coverage subject to ORS 742.504 and 742.542. *See* 1981 Or. Laws, Ch. 586. As discussed by Hon. Joel DeVore in *The Oregon Law Commission Braves Controversies in Auto Insurance*, 44 Willamette Law Review 253, 263 n. 68 (2007), this was done simply to avoid restating the law already governing uninsured motorist coverage in a separate statute for UIM coverage.

[4] For example, ORS 743.792(9) (1967), stated as follows:
(9)(a)    With respect to bodily injury to an insured while occupying a vehicle not owned by a named insured under this coverage, the insurance under this coverage shall apply only as excess insurance over any other

The other insurance clause in ORS 742.792(9) (1967) permitted both excess and pro rata other insurance clauses, which would be mutually repugnant under the *Lamb-Weston* rule. In *Byrns v. Allstate Ins. Co.*, 262 Or. 462, 498 P. 2d 762 (1972) and in *Thurman v. Signal Ins. Co.*, 260 Or. 524, 491 P. 2d 1002 (1971), the insurers advanced the argument that the legislature intended that the *Lamb-Weston* rule would not apply in the UM/UIM context because otherwise the legislature would not have permitted mutually repugnant other insurance clauses. The court rejected this argument as too confusing. *Byrns*, 262 Or. at 468-69; and *Thurman*, 260 Or. at 530.

Apparently the insurers were correct, because the legislature answered the court's decisions in *Byrns* and *Thurman* by enacting ORS 743.795 (1979) (*renumbered* ORS 742.506 in 1993) with 1979 Or. Laws, Ch. 842 § 10.[5] The legislature effectively rejected application of the *Lamb-Weston* rule in the UIM context by mandating the application of the other insurance clause in ORS 742.504(9) when multiple policies applied, unless of course, there was no repugnancy between the language in the policies. Thus, any argument by plaintiff that the legislature intended the *Lamb-Weston* rule to apply in the present case completely ignores the legislature's rejection of the *Lamb-Weston* rule when applied to UIM policies.

---

       insurance available to such occupant which is similar to this coverage, and this insurance shall then apply only in the amount by which the applicable limit of liability of this coverage exceeds the sum of the applicable limits of liability of all such other insurance.

(b)      With respect to bodily injury to an insured while occupying or through being struck by an uninsured vehicle, if such insured is an insured under other insurance available to him which is similar to this coverage, then the damages shall be deemed not to exceed the higher of the applicable limits of liability of this insurance or other such insurance, and the insurer shall not be liable under this coverage for a greater proportion of the damages than the applicable limit of liability of this coverage bears to the sum of the applicable limits of liability of this insurance and such other insurance.

[5] ORS 743.795 (1979) stated as follows:

Notwithstanding the contrary provisions of any policy, the provisions of paragraphs (a) to (c) of subsection (9) of ORS 742.792 shall control allocation of responsibility between insurers, except that if all policies potentially involved expressly allocate responsibility between insurers or self-insurers, without repugnancy, then the terms of the policies shall control.

**B.**      **SB 411 as amended reflects an intent to allow insurers to decide whether to include anti-stacking language in their UIM policies.**

SB 411 changed the way available UIM limits were calculated. Prior to SB 411, UIM benefit limits were measured by comparing the UIM limit stated in the insured's policy to the tortfeasor's liability limit. *Vogelin v. American Family Mut. Ins. Co.*, 346 Or. 490, 506, 213 P. 3d 1216 (2009). UIM coverage was "equal to [the] uninsured motorist coverage less the amount recovered from other motor vehicle liability insurance policies." *Former* ORS 742.502(2)(a) (2013), *amended by* Or. Laws 2015, Ch. 5 § 2.

Following the passage of SB 411, for all policies issued or renewed after January 1, 2016, UIM benefit limits are now measured by comparing the policy's stated UIM limit to the insured's damages. *See* Or. Laws 2015, Ch. 5 § 3. UIM coverage is now "equal to the sums that the insured...is legally entitled to recover as damages for bodily injury...up to the limits of the uninsured motorist coverage." ORS 742.502(2)(a).

As *originally* introduced, SB 411 sought to remove the anti-stacking language in *former* ORS 742.504(9)(b). *See* SB 411 as introduced, pp. 8-9, attached as Exhibit 5 to the Declaration of Ralph C. Spooner. Left otherwise intact, the remaining language of subsection 9(b) could have been read as a pro rata other insurance clause permitting the stacking of multiple UIM coverages at the same level of coverage.  *Erickson v. Farmers Ins. Co. of Oregon*, 331 Or. 681, 688, 21 P. 3d 90 (2001) (holding that after the unenforceable language was stricken from the policy the remaining language was a pro rata other insurance clause that permitted stacking). However, the "-1" amendment to SB 411 was subsequently adopted in committee and eliminated 9(b) altogether. *See* "-1" Amendment, attached as Exhibit 6 to the Declaration of Ralph C. Spooner. The amended version of the bill ultimately passed in both houses of the legislature. *See*

Or. Laws 2015, Ch. 5. The following table illustrates these changes:

| Version of Statute | Language | Application |
|---|---|---|
| ORS 742.504(9)(b) prior to SB 411 | (b) If an insured is an insured under other primary or excess insurance available to the insured that is similar to this coverage, then <u>the insured's damages are deemed not to exceed the higher of the applicable limits of liability of this insurance or the additional primary or excess insurance available to the insured</u>, and the insurer is not liable under this coverage for a *greater proportion of the insured's damages than the applicable limit of liability of this coverage bears to the sum of the applicable limits of liability of this insurance and other primary or excess insurance available to the insured.* | Prior to SB 411, the available UIM coverage provided by Illinois National, State Farm, and Country Mutual, assuming they are all provided at the same level of coverage, would be limited to the highest limit ($1,000,000 from Illinois Nation) minus the $20,000 paid by the tortfeasor's insurer for total coverage in the amount of $980,000. That coverage would then be pro-rated among the three insurers based on the proportion of their limit to the available coverage. |
| SB 411 changes to ORS 742.504(9)(b) as introduced | (b) If an insured is an insured under other primary or excess insurance available to the insured that is similar to this coverage, then the insurer is not liable under this coverage for a *greater proportion of the insured's damages than the applicable limit of liability of this coverage bears to the sum of the applicable limits of liability of this insurance and other primary or excess insurance available to the insured.* | The pro rata language (italics emphasis) would allow each of the policies to stack on a pro rata basis up to each of the policies' limits. |
| SB 411 changes to ORS 742.504(9)(b) as enacted with -1 amendment | Entirely removed. | Insurer is free to decide whether to allow or disallow stacking of multiple coverages. |

The language underlined in the table above is commonly referred to as an anti-stacking clause. The italicized language is commonly referred to as a pro rata clause. The anti-stacking language limited UIM coverage to the higher of the insured's liability coverage or the additional primary or excess insurance available to the insured. The pro rata language stated that the policies were added together based on the proportion of each policy's limits to the sum of all

available coverage. Prior to SB 411, when there were multiple UIM coverages, these two clauses acted together to limit the damages to the higher of the liability coverage or primary or excess coverage and each policy paid a pro rata allocation based on the proportion of their limit to the available coverage. Had SB 411 been enacted as introduced, the pro rata clause would have allowed UIM policies to add their limits together based on the proportion of their applicable limit to the insured's damages. However, that's not what the legislature decided to do.

To put it simply, prior to the enactment of SB 411, the anti-stacking provision at issue was expressly authorized by *former* ORS 742.504(9)(b). *See Heffner v. Farmers Ins. Co. of Oregon*, 213 Or. App. 289, 295, 162 P. 3d 277, *rev. den.*, 343 Or. 555 (2007) (holding that similar anti-stacking language was enforceable under former ORS 742.504(9)(b) (2013)). SB 411 removed that express authorization. As illustrated above, by removing that express authorization, the legislature did not intend to mandate the stacking of multiple UIM coverages at the same coverage level. In passing SB 411, the legislature adopted the "-1" amendment that removed language that, if left in, would have modified ORS 742.504(9)(b) to expressly allow the stacking of multiple UIM coverages. That is illustrated in the middle example above. Rather than leave the language in that would have expressly permitted stacking, the legislature chose to completely remove the former and amended versions of ORS 742.504(9)(b).

In 2005, the legislature rewrote ORS 742.504(9) "[hoping] it would speak plain English." Joel DeVore, *The Oregon Law Commission Braves Controversies in Auto Insurance*, 44 Willamette Law Review 253, 262-63 (2007). Part of that revision was to clarify that former ORS 742.504(9)(b) (2005), *amended by* Or Laws 2005, Ch. 236 § 1, applied to combine UIM coverages at the same coverage level on a pro rata basis. By deciding to completely remove former ORS 742.504(9)(b) with SB 411, the legislature left ORS 742.504(9) without an "other

insurance" clause that would address how multiple policies interact at the same level of coverage. By removing both the anti-stacking clause that disallowed stacking and the pro rata clause that allowed stacking, the legislature indicated an intent to allow insurers to choose whether or not to allow stacking in their policies by not legislating a choice for the insurer.

C.    **The legislature intended the terms of the policies to control.**

ORS 742.504(2)(j) and 742.506 indicate a legislative intent to allow the policy language to control the applicable limits when multiple policies interact for UIM coverage. ORS 742.504(2)(j) limits the "sums that the insured...is legally entitled to recover as damages" to the amount payable under the *terms of the policy*, and ORS 742.506 states that when multiple policies apply to the same coverage, the terms of the policy *shall* control as long as there is no repugnancy between the terms of each policy.

1.    **ORS 742.504(2)(j) indicates that the terms of the policy control.**

ORS 742.504(2)(j) defines "sums that the insured...is legally entitled to recover as damages" as the amount of damages that:

> (A)    A claimant could have recovered in a civil action from the owner or operator at the time of the injury after determination of fault or comparative fault and resolution of any applicable defenses;
>
> * * * *
>
> (C)    Are no larger than benefits payable under *the terms of the policy* as provided in [ORS 742.504(7)].

(Emphasis added). The anti-stacking provision at issue here is a term of the policy that limits the amount payable under all three policies to the single highest applicable limit. Because the "sums that the insured...is legally entitled to recover as damages" are subject to the terms of the policy, that would necessarily include the anti-stacking provision at issue here, and by extension authorize the provision.

Plaintiff may argue that the reference to ORS 742.504(7) limits the terms of the policy to the terms expressed in ORS 742.504(7). In fact, the reference to ORS 742.504(7) assists in interpreting that the anti-stacking provision at issue here is enforceable in this instance. ORS 742.504(7)(a) sets forth the maximum amount of the "insurer's liability" as the limit on the declarations page. ORS 742.504(7)(b) and (c) each set forth mandatory reductions to the amount payable under the insured's UIM coverage. ORS 742.504(7)(d) then expressly indicates one reduction to the amount payable that is not permitted. The implication being that, if the statute sets forth two reductions to the amount payable that are mandatory and one reduction that is expressly disallowed, there must be some reductions that are permitted, but not mandatory. *See Bergmann v. Hutton*, 337 Or. 596, 608, 101 P. 3d 353 (2004) ("...no matter what types of offsets ORS 742.504 permits..."). Otherwise, there would be no reason to set forth that at least one reduction was disallowed if the statue only allowed the reductions expressly authorized in ORS 742.504(7)(b) and (c).

In simple terms, ORS 742.504(7) indicates limitations on the insured's damages. Under ORS 742.504(2)(j)(A), the insured's damages for UIM benefits are at most the amount the insured could have obtained as a judgment against the underinsured motorist. But then ORS 742.504(2)(j)(C) limits that amount to the amount of benefits payable under the policy. The reference to ORS 742.504(7) is simply just a reference to the part of ORS 742.504(7) that contains limitations and reductions to the amount of benefits payable under the terms of the policy.

The provision at issue simply reduces the amount payable under the policy to the single highest limit of the three policies; the provision does not alter the limits on the declarations page. Because the provision at issue is similar to the provisions of ORS 742.504(7),

the provision is a part of the terms of the policy referred to in ORS 742.504(2)(j)(C), and

therefore is enforceable as a reduction to the amount of benefits payable under any one of the

three policies.

>    **2.    ORS 742.506 mandates that the policy controls the outcome.**

In determining the legislative intent to permit insurers to decide whether to allow

UIM policies to stack, other UIM statutes, such as ORS 742.506, provide relevant context. *See*

*Fresk v. Kraemer*, 337 Or. 513, 520-21, 99 P. 3d 282 (2004) (stating that analyzing a statutes'

context includes "other related statutes" and "the statutory framework within which the statute

was enacted").

ORS 742.506, states as follows:

> Notwithstanding the contrary provisions of any policy, the
> provisions of ORS 742.504(9) shall control allocation of
> responsibility between insurers, <u>except if all policies potentially
> involved expressly allocate responsibility between insurers, or self-
> insurers, without repugnancy, then the terms of the policies shall
> control</u>.

(Emphasis added). The latter half of the statute explicitly states that if all policies operate without

repugnancy, than the language of the policy shall control.

ORS 742.506 sets forth that in the UIM context, insurance follows a

primary/excess model as set forth by ORS 742.504(9) instead of the *Lamb-Weston* rule. As

discussed previously, ORS 742.506 was enacted to prevent the *Lamb-Weston* rule from applying

in the UIM context. The statute also explicitly carves out that the policy *shall* control when the

provisions of all policies are not repugnant. In this case, the anti-stacking language is identical in

all three policies and operates without repugnancy. This is consistent with the above analysis

regarding ORS 742.504(2)(j)(A) limiting the damages under the terms of the policy

The language of all three polices unambiguously states that when there is more than one State Farm policy applicable to the same bodily injury for UIM coverage to the same insured, then the maximum amount payable under all policies is the single highest applicable limit of all the policies. The language operates without repugnancy to limit the maximum amount payable to $250,000, the single highest applicable limit of all three policies.

Therefore, the coverage afforded by the UIM statutes cannot be less favorable then the coverage afforded by the State Farm policies, when the UIM statutes command that the policy language controls the outcome. The anti-stacking language in the three State Farm policies, numbered 274 2245-A12-37E, 110 5075-C11-37A, and 065 0652-F10-37C, is enforceable to limit the maximum amount payable under all three policies to $250,000, the single highest applicable limit of the three policies.

## VII.    Conclusion

For the foregoing reasons, State Farm respectfully requests that this Court enter an Order granting summary judgment in State Farm's favor on all claims asserted by plaintiff for UIM benefits under the State Farm policies, and on State Farm's Counterclaim for Declaratory Relief.

DATED this 17th day of January, 2020.

s/ Ralph C. Spooner
RALPH C. SPOONER, OSB# 732880
Of Attorney for Defendant State Farm Mutual
Automobile Insurance Company
E-mail: rspooner@smapc.com
Fax: (503) 588-5899

## CERTIFICATE OF SERVICE

I hereby certify that I served a copy of the foregoing **DEFENDANT STATE**

**FARM'S MOTION FOR PARTIAL SUMMARY JUDGMENT** to the following:

Michael Brian, OSB No. 710309
Brian Law Firm LLC
1611 E Barnett Rd
Medford, OR  97504
Fax: 541-770-5560
E-mail address: michael@brianlawfirm.com
   Attorney for *Plaintiff*

Travis Eiva, OSB No. 052440
Zemper Eiva Law, LLC
101 E Broadway, Suite 303
Eugene, OR 97401
Fax:  458-205-8658
E-mail address: travis@zempereiva.com
   Co-Counsel for *Plaintiff*

Donald J. Verfuth, OSB No. 066480
Stephanie M. Ries, OSB No 111734
Gordon Rees Scully Mansukhani, LLP
701 5th Avenue, Suite 2100
Seattle, WA 98104
Fax" 206-689-2822
Email addresses: dverfuth@grsm.com,
sries@grsm.com
   Attorneys for *Defendant Illinois National Insurance Company*

☒    by emailing a copy to said attorney at the above email address with consent of counsel;
☐    by mailing a copy in a sealed, first-class, postage prepaid envelope, addressed to said attorneys at the above address and deposited in the U.S. Mail;
☒    by serving correct copies thereof, certified by me as such, to attorneys via the United States District Court for the District of Oregon's CM/ECF filing system.

DATED this 17th day of January, 2020.

s/ Ralph C. Spooner
RALPH C. SPOONER, OSB# 73288
Spooner & Much, P.C.
Attorneys for Defendant State Farm
E-mail: rspooner@smapc.com
Fax: (503) 588-5899