Michael Brian, OSB No. 710309
michael@brianlawfirm.com
Brian Law Firm LLC
1611 East Barnett Rd
Medford, Or 97501
Telephone: (541) 772-1334
Facsimile: (541) 770-5560

Travis Eiva, OSB No. 052440
travis@zemereiva.com
Zemper Eiva Law LLC
101 East Broadway, Ste. 303
Eugene, OR 97401
Telephone: (541)-636-7480
Facsimile: (458) 205-8658

of Attorneys for Plaintiff

**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF OREGON**

| | |
|---|---|
| TRAVIS BATTEN,<br><br>               Plaintiff,<br><br>vs.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,<br><br>               Defendant. | Case No. 3:19-cv-01200-MC<br><br>Consolidated with:<br>Case No. 1:18-cv-00676-MC<br><br>PLAINTIFF'S SECOND MOTION FOR PARTIAL SUMMARY JUDGMENT<br><br>Pursuant to Fed. R. Civ. P. 56(a)<br>Request for Oral Argument |

**LR 7-1(a) CERTIFICATION**

The attorneys for the above-captioned parties made a good faith effort through telephone and email to resolve the basis for this Motion and were unable to do so.

/ / / / /

## MOTION

Plaintiff Travis Batten respectfully moves this Court for an order granting partial summary judgment that State Farm may not decline to pay UM/UIM benefits for any of his damages based on the provision of workers' compensation benefits for those damages.

## CASE BACKGROUND AND FACTS

Please see Plaintiff's Motion for Partial Summary Judgment on the availability of UM/UIM coverage (filed the same day as the instant motion) for information on the case background and underlying facts.

## LEGAL STANDARD

The court must grant summary judgment if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a). An issue of fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Hoffman v. Foremost Signature Ins. Co.*, 989 F. Supp. 2d 1070, 1075, 2013 WL 5723313 (D. Or. 2013) (citing *Villiarimo v. Aloha Island Air., Inc.*, 281 F.3d 1054, 1061 (9th Cir.2002), which in turn quoted *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). The court views the evidence in the light most favorable to the non-moving party. *Allen v. City of Los Angeles*, 66 F.3d 1052, 1056 (9th Cir.1995) (citing *Jesinger v. Nevada Fed. Credit Union*, 24 F.3d 1127, 1130 (9th Cir.1994)). If the moving party shows that there are no genuine issues of material fact, the nonmoving party must go beyond the pleadings and designate facts

showing an issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); see Fed.R.Civ.P. (56)(c).

## LEGAL ANALYSIS

The Oregon Legislature enacted ORS 742.504, which provides model minimum terms of UM/UIM coverage, mandating that "[e]very policy required to provide [UM/UIM] coverage . . . shall provide [such] coverage [that] is no less favorable" than the provisions set forth in ORS 742.504. (Emphasis added). If an insurance policy has "[a]ny UM[/UIM] provisions that are less favorable to an insured than those required under ORS 742.504(1) to (12)[, then the provisions] are unenforceable against an insured in Oregon." *Erickson v. Farmers Ins. Co. of Oregon*, 331 Or. 681, 685, 21 P.3d 90, 93 (2001). Moreover, because "an insurer may add terms to an Oregon policy that are . . . more favorable to the insured than those required by the statutes," whenever a reviewing court discovers a term of UM/UIM coverage that is less favorable to the insured than ORS 742.504, the reviewing court simply applies the policy as if the offending provision has been erased, sometimes resulting in the policy being made more favorable to the insured than the terms of ORS 742.504. *Id.*

In this case, ORS 742.504(7)(b) provides that a UM/UIM insurer may enjoy a credit for any injuries to the insured for which he or she has received workers' compensation benefits. Subsection (7)(b) provides:

> Any amount payable under the terms of this coverage because of bodily injury sustained in an accident by a person who is an insured under this coverage shall be reduced by the amount paid and the present value of all

amounts payable on account of the bodily injury under any workers' compensation law, disability benefits law or any similar law.

Accordingly, if an insurer elects to include those terms within its policy, the insurer need not pay any UM/UIM benefits for any damages to the insured for which workers' compensation benefits have been paid or are payable.

However, State Farm did not include the terms of subsection (7)(b) in its policies. Instead, State Farm chose to use substantively different terms to claim a credit for workers compensation benefits:

> Specifically, the three State Farm policies purchased by Travis Batten provide:
>
> We will not pay under Uninsured Motor Vehicle Bodily Injury and Property Damage Coverage any damages:
>
> . . . . .
>
> 2. that:
>
>> a. have already been paid;
>>
>> b. could have been paid; or
>>
>> c. could be paid
>
> to or for the insured under any workers' compensation law, disability benefits law, or similar law[.]

Dkt. 14-1 Declaration of Ralph Spooner at Exhibit 1, p. 28; Exhibit 2, p. 28; Exhibit 3, p. 28.

Of course, insurers like State Farm need not use the exact statutory wording in their policies to obtain the same result as the minimum coverage required under the statute. But if the chosen terms provides less favorable coverage to the insured than the coverage

required by the statute, then the provision in the policy is non-enforceable, and the insurer is not entitled to obtain the benefit of the limitations that it would have received if it had tracked the statutory terms. *Erickson*, 331 Or at 686. In other words, when an insurer writes a provision into the policy that is more restrictive against the insured than what is required under the policy, effectively the policy is read as if that provision has been erased and nothing is inserted in its place. *Id*.

Here, State Farm's chosen terms to obtain credit for workers' compensation payments limits the UM/UIM coverage to the insured in ways not contemplated in ORS 742.504(7)(b). Specifically, it states that State Farm "will not pay [any UM/UIM benefits for] any damages . . . that [] have already been paid[,] could have been paid[,] or could be paid to or for the insured under any workers' compensation law[.]" In contrast the statute only allows the insurer to decline to pay UM/UIM benefits for any damages "by the amount ***paid and the present value of all amounts payable*** on account of the bodily injury under any workers' compensation law[.]" (Emphasis added). State Farm's provision seeks to obtain a worker's compensation credit without any provision for present value as required by the statute. Without that reduction the policy terms provide State Farm a larger credit than what it is entitled to under the statute. Likewise, the State Farm provision allowing for a credit on a "could have been paid" basis as opposed to the statutory terms of amounts actually "paid" allows State Farm a credit based on all possible past payments rather actual past payments. The terms are "less favorable to an insured than th[e terms] required under ORS 742.504(1) to (12)[and therefore are] unenforceable against an insured in Oregon."

*Erickson*, 331 Or. at 685. The workers' compensation credit provision in the policy must be read out of the policy, and therefore State Farm cannot receive any credit in relation to workers' compensation benefits.

## CONCLUSION

For the foregoing reasons, plaintiff Travis Batten respectfully requests that this Court grant his motion for partial summary judgment that State Farm may not decline to pay UM/UIM benefits for any damages based on the provision of workers' compensation benefits for those damages.

DATE: January 31, 2020.

| BRIAN LAW FIRM, LLC | ZEMPER EIVA LAW LLC |
|---|---|
| /s/Michael Brian | /s/Travis Eiva |
| Michael Brian, OSB No. 710309 | Travis Eiva, OSB No. 052440 |