Travis Eiva, OSB No. 052440
travis@zemereiva.com
Zemper Eiva Law LLC
101 East Broadway, Ste. 303
Eugene, OR 97401
Telephone: (541)-636-7480
Facsimile: (458) 205-8658

Michael Brian, OSB No. 710309
michael@brianlawfirm.com
Brian Law Firm LLC
1611 East Barnett Rd
Medford, Or 97501
Telephone: (541) 772-1334
Facsimile: (541) 770-5560

of Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

| | |
|---|---|
| TRAVIS BATTEN,<br><br>                    Plaintiff,<br>vs.<br><br>STATE FARM NATIONAL AUTOMOBILE INSURANCE COMPANY,<br><br>                    Defendant. | Case No. 3:19-cv-01200-MC<br><br>***Consolidated with*:**<br>Case No. 1:18-cv-00676-MC<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT STATE FARM'S MOTION FOR SUMMARY JUDGMENT**<br><br>**ORAL ARGUMENT REQUESTED** |

## INTRODUCTION

Defendant's special clause to negate uninsured motorist coverage in one policy based on the existence of similar coverage in another policy is unenforceable under Oregon law for all the reasons described in plaintiff's motion for partial summary judgment (which is incorporated herein) and must be rejected. Moreover, defendant's motion fails to

Page | 1  PLAINTIFF'S OPPOSITION TO STATE FARM'S MOTION FOR SUMMARY JUDGMENT

account for recent changes in Oregon law, which make clear that the Oregon Legislature has prohibited insurance companies from enforcing these type of clauses.

## OPPOSITION TO DEFENDANT'S MOTION

### I. Defendant's reliance on the insurance policy terms over the statutory terms is fatal.

For the reasons described in plaintiff's motion for partial summary judgment,[1] defendant's clause to negate uninsured motorist (UM) coverage in one policy based on the existence of UM coverage in another policy provides less favorable coverage than the minimum coverage required under Oregon statutory law. As a result, the cited policy terms are unenforceable. *Erickson v. Farmers Ins. Co. of Oregon*, 331 Or. 681, 685, 21 P.3d 90, 93 (2001) ("Any UM provisions that are less favorable to an insured than those required under ORS 742.504(1) to (12) are unenforceable against an insured in Oregon").

Based on the arguments in plaintiff's briefing this court should find that ORS 742.504 requires that plaintiff receive UM coverage and benefits for his injuries up to the applicable policy limits of $250,000 in each of the three State Farm policies that he purchased. *See also Ajir v. Buell*, 270 Or. App. 575, 583, 348 P.3d 320, 324 (2015) (UM coverage "shall have the same limits for uninsured motorist coverage as for bodily injury liability coverage unless a named insured in writing elects lower limits" through the formal election processes outlined in ORS 742.502(2)); *American Economy Ins. Co. v. Canamore*, 114 Or. App. 348, 352, 834 P2d 542, *rev. den.*, 314 Or. 727, 843 P.2d 454 (1992) (when a

---

[1] Plaintiff herein incorporates all evidence and arguments in his motion for partial summary judgment into this opposition to defendant's motion for summary judgment.

policy does not include the UM coverage required by Oregon statute, a court will reform it to include the required coverage).

## II. *Former* ORS 742.504(9) and the legislative history associated with the 2015 amendments to ORS 742.504(9) support plaintiff's interpretation of the statute.

The greatest problem with defendant's argument that ORS 742.504 authorizes it clause to negate UM coverage based on the availability of other UM coverage is that *former* ORS 742.504(9) once allowed an insurance company to do that exact thing. However, the Oregon legislature deleted that provision, because it determined that an insurer should not be able to deny paid-for coverage in one policy based on the fortuity that other insurance policies also may provide some coverage for the injuries.

A. <u>Legislative Amendments</u>

*Former* ORS 742.504(9) once provided the following clauses which allowed the negation of UM coverage in a policy because of the existence of "other insurance":

> (a) Except as provided in paragraph (c) of this subsection, with respect to bodily injury to an insured while occupying a vehicle not owned by a named insured under this coverage, the insurance under this coverage shall apply only as excess insurance over any other insurance available to such occupant which is similar to this coverage, and ***this insurance shall then apply only in the amount by which the applicable limit of liability of this coverage exceeds the sum of the applicable limits of liability of all such other insurance***.
>
> (b) With respect to bodily injury to an insured while occupying or through being struck by an uninsured vehicle, ***if such insured is an insured under other insurance available to the insured which is similar to this coverage, then the damages shall be deemed not to exceed the higher of the applicable limits of liability of this insurance or such other insurance***, and the insurer shall not be liable under this coverage for a greater proportion of the damages

than the applicable limit of liability of this coverage bears to the sum of the applicable limits of liability of this insurance and such other insurance."

(Emphasis added).

Under the first emphasized clause of *former* subsection (9)(a), if the insured was occupying an unowned car, then his or her own UM coverage would only be available to the extent its policy limits were greater than the policy limits of any other available UM insurance. Similarly, under the emphasized clause of *former* subsection (9)(b), if the insured was in or struck by an uninsured vehicle and UM coverage was available under multiple policies, then the insured's recoverable damages could be limited as a matter of law to the highest policy limits available under all of the UM coverages. Those subsections clearly allowed the insurer to decline to pay UM benefits under a policy of the insured, if there was another available policy with UM coverage with the same or greater policy limits. So here, plaintiff was in an unowned car (a rental car) when he was injured, so if *former* subsection (9)(a) was still in effect at the time of the injury, then defendant may have been able to enforce its special clause that plaintiff was entitled to UM benefits only up to the policy limits of a single policy.

However, the legislature deleted the emphasized provisions from subsection (9). The current statute only focuses on which coverage pays first and no longer provides any terms that allow for the negation of coverage under one policy based on the existence of coverage under another policy.[2] As a result, when there are multiple policies with

---

[2] ORS 742.504(9) now provides:

applicable UM coverages, the coverages may stack if the insureds damages so warrant. In the end, defendant's attempt to read the statute to continue to authorize its UM coverage negation clause is nothing more than an unwarranted attempt to "insert what has been omitted[,]" indeed expressly deleted, by the legislature. ORS 174.010 (instructing that when courts interpret Oregon statutes they must "not . . . insert what has been omitted").

B. <u>Legislative History</u>

Moreover, the legislative history behind SB 411 (2015) which led to the deletion of the above-described "other insurance" clauses from *former* ORS 742.504(9) indicates that

---

(a) With respect to bodily injury to an insured:

> (A) While occupying a vehicle owned by a named insured under this coverage, the insurance under this coverage is primary.
>
> (B) While occupying a vehicle not owned by a named insured under this coverage, the insurance under this coverage shall apply only as excess insurance over any primary insurance available to the occupant that is similar to this coverage, and this excess insurance coverage shall then apply only to the sums that the insured or the heirs or legal representative of the insured is legally entitled to recover as damages for bodily injury or death that is caused by accident and that arises out of owning, maintaining or using an uninsured vehicle.

(b) With respect to bodily injury to an insured while occupying any motor vehicle used as a public or livery conveyance, the insurance under this coverage shall apply only as excess insurance over any other insurance available to the insured that is similar to this coverage, and this excess insurance coverage shall then apply only to the amount by which the applicable limit of liability of this coverage exceeds the sum of the applicable limits of liability of all other insurance.

the intent behind the deletions was to prevent insurers from inserting policy provisions that negated UM/UIM benefits paid-for by Oregonians. Arthur Towers, providing testimony on behalf of the Oregon Trial Lawyers Association (a chief sponsor of SB 411), stated as follows:

**Consumer Protection in Auto Insurance
SB 411 (with -1 amendments)**

**Topic One: Getting What You Pay For (Stacking)**

> An unfair loophole in Oregon law prevents victims of underinsured motorists (UIM) from accessing insurance benefits they've been paying for in premiums, month after month, year after year. **SB 411 allows Oregon to join Washington and more than half of the other states in allowing consumers to stack their coverage on top of the at-fault driver's liability coverage so injured consumers get what they've paid for.**

Declaration of Travis Eiva at Exhibit 1.

C. Recent Persuasive Precedent

Based on the above-described amendments to ORS 742.504(9) and the legislative history behind those amendments, Multnomah County Judge von Ter Stegge issued a written opinion rejecting State Farm's attempt to enforce the same clause that it seeks to enforce here. That opinion, in the case of *Collacchi v. State Farm Mutual Automobile Insurance Company*, Multnomah County Case No. 18CV49030 (Dec. 3, 2019), is attached for this Court's convenience at Exhibit 2 to the Declaration of Travis Eiva.

/ / / / /

/ / / / /

## CONCLUSION

Based on the foregoing reasons and the reasons stated in Plaintiff's Motion for Partial Summary Judgment Against Defendant State Farm, plaintiff respectfully requests that this Court deny defendant's motion and grant plaintiff's motion.

DATE: February 7, 2020

                                            ZEMPER EIVA LAW LLC

                                            /s/Travis Eiva
                                           Travis Eiva, OSB No. 052440