**Ralph C. Spooner, OSB No. 732880**
E-mail:  rspooner@smapc.com
SPOONER & MUCH, P.C.
530 Center Street N.E., Suite 712
Salem, OR 97301
Phone: 503-378-7777
Fax:    503-588-5899

Of Attorney for Defendant State Farm
Mutual Automobile Insurance Company

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| TRAVIS BATTEN,<br><br>Plaintiff,<br><br>vs.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,<br><br>Defendant. | Case No. 3:19-cv-01200-MC<br><br>*Consolidated with***:**<br>Case No. 1:18-cv-00676-MC<br><br>**Defendant State Farm's RESPONSE TO PLAINTIFF'S FIRST MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>**Request for Oral Argument** |

COMES NOW, defendant, State Farm Mutual Automobile Insurance Company ("State Farm"), by and through its attorney, Ralph C. Spooner, Spooner & Much, P.C., and responds in opposition to Plaintiff's First Motion for Partial Summary Judgment. In support of this Response, State Farm relies upon the district court's file in its entirety, and the Memorandum of Law set forth below.

/ / /

/ / /

/ / /

## MEMORANDUM OF LAW

**I.      Introduction**

Plaintiff seeks to stack the underinsured motorist ("UIM") benefits[1] of three motor-vehicle liability policies issued by State Farm to plaintiff. Each of the policies contains an anti-stacking provision for UIM coverage when one or more motor-vehicle liability policies issued by State Farm cover the same insured. By operation of that UIM anti-stacking provision and the applicable UIM statutes, the maximum amount payable to the plaintiff for UIM benefits under all three policies is limited to $250,000, the single highest applicable limit of any of the three policies.

State Farm has already filed a Motion for Partial Summary Judgment on the same issue (*see* Dkt. 14) and adopts the arguments and evidence set forth in that Motion in response to Plaintiff's Motion for Partial Summary Judgment (Dkt. 15). For the reasons discussed below and in State Farm's previously filed Motion for Partial Summary Judgment and Reply in Support of Motion for Partial Summary Judgment (filed simultaneously with this Response), plaintiff's first Motion for Partial Summary Judgment should be denied.

**II.     Undisputed Facts**

This cases arises from plaintiff's claim for UIM benefits regarding a motor-vehicle accident occurring on October 31, 2017. State Farm adopts the undisputed facts set forth in Defendant State Farm's Motion for Partial Summary Judgment at pp. 2-3 (Dkt. 14).

/ / /

/ / /

---

[1] Plaintiff characterizes the issue as a dispute over stacking *uninsured* motorist ("UM") coverage as opposed to *underinsured* ("UIM") motorist coverage. Because the underinsured driver had collectible motor-vehicle liability insurance, but pursuant to Louisiana law that insurance was less than the minimum limits allowed in Oregon, both definitions apply. *See* ORS 742.500(5) and 742.502(2)(a). Whether the coverage is UM or UIM does not change the analysis, so State Farm will continue to refer to it as UIM coverage.

**III. Summary Judgment Standard**

Summary judgment is appropriate on claims where "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When the material facts are undisputed, the court must determine which party has correctly applied the facts to the substantive law of the jurisdiction. *See Batten v. Illinois National Ins. Co.*, 408 F. Supp. 3d 1187 (D. Or. 2019) (applying the undisputed facts to a legal dispute over whether a commercial auto policy was required under Oregon law to provide UIM coverage on the same basis that the policy provided liability coverage).

**IV. Oregon law applies to the interpretation of an Oregon insurance policy**

In a diversity action, such as this, the court applies the substantive law of the jurisdiction. *Gasperini v. Center for Humanties, Inc.*, 518 U.S. 415, 427 (1996). Because this case involves a dispute over the interpretation of Oregon insurance policies, Oregon law applies. *Snook v. St. Paul Fire & Marine Ins. Co.*, 220 F. Supp. 314, 316-17 (D. Or. 1963). Ordinarily when interpreting insurance policies, Oregon courts look to the intent of the parties. *Hoffman Const. Co. of Alaska v. Fred S. James & Co. of Oregon*, 313 Or. 464, 836 P. 2d 703 (1992). However, when the words of the policy are required by statute, the court must follow the rules of statutory construction to determine the intent of the legislature. *Wright v. Turner*, 354 Or. 815, 820, 322 P. 3d 476 (2014).

In interpreting statutes, Oregon courts follow the analytical framework discussed in *PGE v. Bureau of Labor and Industries*, 317 Or. 606, 610, 859 P. 2d 1143 (1993) and in *State v. Gaines*, 346 Or. 160, 171-72, 206 P. 3d 1042 (2009). The court first reviews the text and context of the statute, then the legislative history, and then, if appropriate, various cannons and maxims of statutory construction. *Dowell v. Oregon Mutual Ins. Co*., 361 Or. 62, 67, 388 P. 3d 1050 (2017).

/ / /

**V.    The UM/UIM anti-stacking provision in the State Farm policies is enforceable.**

**A.    The UIM coverage of the State Farm policies is provided on the same basis as the liability coverage, which also does not stack.**

As State Farm understands plaintiff's argument, plaintiff is taking the position that the three State Farm policies stack for UIM coverage because Oregon law requires reciprocal coverage for motor-vehicle liability and UIM coverage. *See* Plaintiff's Motion for Partial Summary Judgment, p. 11 (Dkt. 15) (stating that UIM benefits "must track the policies limits of the insured's liability coverage...""). However, this argument fails because the liability coverage would not stack to provide $750,000 in liability coverage for this loss.

If plaintiff had been the driver of the rental vehicle he was occupying and at-fault for the loss, the three State Farm policies would not stack to provide $750,000 in liability coverage. Instead, the liability coverage would be limited to $250,000, pursuant to a similar anti-stacking provision in the liability coverage of the State Farm policies. F150 policy, p. 11, Ex. 1 to Declaration of Ralph C. Spooner (January 17, 2020) (Dkt. 14-1, and also at Dkt. 3-1, Ex. A); Pickup policy, p. 11, Ex. 2 to Declaration of Ralph C. Spooner (January 17, 2020) (Dkt. 14-1, and also at Dkt. 3-2, Ex. B); and 4Runner policy, p. 11, Ex. 3 to Declaration of Ralph C. Spooner (January 17, 2020) (Dkt. 14-1, and also at Dkt. 3-3, Ex. C).

In the consolidated case against defendant Illinois National Ins. Co. ("Illinois National"), this court held that Oregon law required Illinois National to provide UM/UIM coverage to plaintiff while occupying a rental car because the liability portion of the policy would have covered the vehicle and "Oregon law requires reciprocal coverage for motor vehicle liability and uninsured motorist coverage." *Batten*, 408 F. Supp. 3d at 1190-91. Essentially, this court stated that Oregon law required a motor-vehicle liability insurer to provide UM/UIM

coverage on the same basis that it provides liability coverage. Under that reasoning, State Farm

is not required to stack the UIM coverages of the three State Farm policies because the liability

coverages would not stack. Therefore, plaintiff's Motion should be denied.

**B.      ORS 742.504 does not permit stacking multiple UIM coverage at the same**

**level of coverage**

As set forth in Defendant State Farm's Motion for Partial Summary Judgment at

p. 6 (Dkt. 14), whether a provision for UIM coverage is enforceable under Oregon law requires a

comparison between the coverage provided by the policy with a fictitious policy containing the

provision set forth in ORS 742.504. *Vega v. Farmers Ins. Co. of Oregon*, 323 Or. 291, 302, 918

P. 2d 95 (1996). If the coverage provided by the policy is less favorable than the coverage

provided by ORS 742.504, then the provision is not enforceable. Vega, 323 Or. at 302.

The first part of this analysis is to determine what coverage the provisions of ORS

742.504 requires. Plaintiff begins this analysis in the first part of his Motion at pp. 8-11 (Dkt.

15), but then jumps to the conclusion that the policies stack without first accounting for how the

policies interact under the "other insurance" clause in ORS 742.504(9). Plaintiff skips this part of

the analysis because ORS 742.504(9) does not provide any answer to that question. All three

policies would provide "excess" coverage under ORS 742.504(9)(a)(B) because plaintiff was

occupying a non-owned car. There is no provision in ORS 742.504(9), as amended by Senate

Bill 411 ("SB 411"), Or. Laws 2015, Ch. 5, which explains how to deal with multiple policies at

the same level of coverage because the legislature removed the provision that would have dealt

with this issue.

As explained in more detail in Defendant State Farm's Motion for Partial

Summary Judgment at pp. 9-12 (Dkt. 14), *former* ORS 742.504(9)(b) as it existed prior to the

enactment of SB 411 would have pro-rated the coverages up to the amount that the highest UIM

limit exceeded the primary UIM coverage. This is because *former* ORS 742.504(9)(b) contained

both a pro rata provision and an anti-stacking provision. SB 411, as introduced, only deleted the

anti-stacking provision from ORS 742.504(9)(b). Had the legislature passed SB 411 as it was

introduced, the pro rata provision in *former* ORS 742.504(9)(b) would have permitted the

plaintiff to stack the UIM coverages in the three State Farm policies. However, this is not what

the legislature did. Instead, the legislature passed the "-1" amendment, which removed *former*

ORS 742.504(9)(b), leaving ORS 742.504(9) without a provision that provides how multiple

UIM coverages at the same level of coverage interact to provide coverage.

      Plaintiff may argue that the *Lamb-Weston* rule applies to stack the coverages on a

pro rata basis. However, this is not a *Lamb-Weston* issue because the other insurance clauses in

ORS 742.504(9)(a)(B) are not mutually repugnant to each other. *See Lamb-Weston et al v.*

*Oregon Auto. Ins. Co.*, 219 Or. 110, 341 P. 2d 110, *rehearing den.*, 219 Or. 130 (1959) (holding

that mutually repugnant other insurance clauses are stricken and the coverages stack on a pro rata

basis). As discussed in further detail in Defendant State Farm's Motion for Partial Summary

Judgment at pp. 7-8 (Dkt. 14), the legislature disfavors application of the *Lamb-Weston* rule

between multiple UM/UIM coverages. Also, stacking the coverages as plaintiff seeks to do

would require the court to infer the existence of a pro rata clause that was specifically removed

by the legislature. The court is not free to insert into the statute what has been omitted by the

legislature. *See* ORS 174.010 ("[in interpreting a statute]...the judge is simply to ascertain and

declare what is...contained therein, not to insert what has been omitted...").

      The problem with plaintiff's argument is that ORS 742.504(9) simply does not

address the issue presented by this case, and no other provision in ORS 742.504 directly deals

with this issue. Plaintiff goes on to argue that neither ORS 742.504(2)(j)(C) or 742.506 explicitly

state that the UM/UIM anti-stacking provision in the State Farm policies is enforceable. *See*

Plaintiff's Motion for Partial Summary Judgment, pp. 13-21 (Dkt. 15). This argument cuts both

ways, though, because there is no provision in any of the UIM statutes that expressly permits

plaintiff to stack multiple UIM coverages at the same level of coverage.

As plaintiff points out, State Farm's position is that ORS 742.504(2)(j)(C) and

742.506 provide a basis to support that the UM/UIM anti-stacking provision in the State Farm

policies is enforceable. *See* Defendant's Motion for Partial Summary Judgment, pp. 12-15 (Dkt.

14). ORS 742.504(2)(j)(C) provides that the insured's damages are limited by the terms of the

policy. ORS 742.506 mandates that the terms of the policy control the interaction of multiple

coverages as long as the other insurance clauses of each policy are not mutually repugnant. Both

statutes provide context that the legislature intended the terms of the policy to control.

Plaintiff also makes the "straw-man" argument that State Farm's position on ORS

742.506 would allow an insurer to include an anti-stacking provision that precludes coverage

when a different insurer provides UM/UIM coverage for the loss at the same level of coverage.

*See* Plaintiff's Motion for Partial Summary Judgment, p. 20 (Dkt. 15). That provision is not

before the court, and State Farm is not arguing that such a provision is enforceable under Oregon

law. The UM/UIM anti-stacking provision at issue only allows State Farm to limit the maximum

amount payable under multiple UM/UIM coverages issued to the ***same insured*** by State Farm,

the ***same insurer***. Whether a broader anti-stacking provision is enforceable is an issue to decide

when such a provision is before the court.

As set forth in more detail in Defendant State Farm's Motion for Partial Summary

Judgment at pp. 6-15 (Dkt. 14), SB 411 did not change the legislature's intent to allow insurers

to decide whether to include UM/UIM anti-stacking provisions in their motor-vehicle liability policies. Because the legislature demonstrated an intent to allow insurers to choose whether to include UM/UIM anti-stacking provisions in their motor-vehicle liability policies by removing both the pro rata and anti-stacking provisions from *former* ORS 742.504(9)(b), State Farm's choice to include UM/UIM anti-stacking provisions is permitted under Oregon law. Therefore, the UM/UIM anti-stacking provision is enforceable to limit the maximum amount payable for plaintiff's UIM benefits to the single highest applicable UIM limit of any one of the three policies.

## VI. Conclusion

For the foregoing reasons stated above and in Defendant State Farm's Motion for Partial Summary Judgment and Reply, State Farm respectfully requests that this Court enter an Order denying Plaintiff's Motion for Partial Summary Judgment, and granting summary judgment in State Farm's favor on all claims asserted by plaintiff for UIM benefits under the State Farm policies and on State Farm's Counterclaim for Declaratory Relief.

DATED this 21st day of February, 2020.

s/ Ralph C. Spooner
RALPH C. SPOONER, OSB# 732880
Of Attorney for Defendant State Farm Mutual
Automobile Insurance Company
E-mail: rspooner@smapc.com
Fax: (503) 588-5899

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that I served a copy of the foregoing **DEFENDANT STATE**

**FARM'S RESPONSE TO PLAINTIFF'S FIRST MOTION FOR PARTIAL SUMMARY**

**JUDGMENT** to the following:

| | |
|---|---|
| Michael Brian, OSB No. 710309 | Travis Eiva, OSB No. 052440 |
| Brian Law Firm LLC | Zemper Eiva Law, LLC |
| 1611 E Barnett Rd | 101 E Broadway, Suite 303 |
| Medford, OR  97504 | Eugene, OR 97401 |
| Fax: 541-770-5560 | Fax:  458-205-8658 |
| E-mail address: michael@brianlawfirm.com | E-mail address: travis@zempereiva.com |
| Attorney for *Plaintiff* | Co-Counsel for *Plaintiff* |

Donald J. Verfuth, OSB No. 066480
Stephanie M. Ries, OSB No 111734
Gordon Rees Scully Mansukhani, LLP
701 5th Avenue, Suite 2100
Seattle, WA 98104
Fax" 206-689-2822
Email addresses: dverfuth@grsm.com,
sries@grsm.com
    Attorneys for *Defendant Illinois National Insurance Company*

☒     by emailing a copy to said attorney at the above email address with consent of counsel;
☐     by mailing a copy in a sealed, first-class, postage prepaid envelope, addressed to said attorneys at the above address and deposited in the U.S. Mail;
☒     by serving correct copies thereof, certified by me as such, to attorneys via the United States District Court for the District of Oregon's CM/ECF filing system.

DATED this 21st day of February, 2020.


s/ Ralph C. Spooner
RALPH C. SPOONER, OSB# 732880
Spooner & Much, P.C.
Attorneys for Defendant State Farm
E-mail: rspooner@smapc.com
Fax: (503) 588-5899