**Ralph C. Spooner, OSB No. 732880**
E-mail: rspooner@smapc.com
SPOONER & MUCH, P.C.
530 Center Street N.E., Suite 712
Salem, OR 97301
Phone: 503-378-7777
Fax:    503-588-5899

Of Attorney for Defendant State Farm
Mutual Automobile Insurance Company

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| TRAVIS BATTEN,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,<br><br>　　　　　Defendant. | Case No. 3:19-cv-01200-MC<br><br>*Consolidated with*:<br>Case No. 1:18-cv-00676-MC<br><br>**Defendant State Farm's**<br>**RESPONSE TO PLAINTIFF'S SECOND**<br>**MOTION FOR PARTIAL SUMMARY**<br>**JUDGMENT**<br><br>**Request for Oral Argument** |

　　　　　COMES NOW, defendant, State Farm Mutual Automobile Insurance Company ("State Farm"), by and through its attorney, Ralph C. Spooner, Spooner & Much, P.C., and responds in opposition to Plaintiff's Second Motion for Partial Summary Judgment. In support of this Response, State Farm relies upon the district court's file in its entirety, and the Memorandum of Law set forth below.

/ / /

/ / /

/ / /

**MEMORANDUM OF LAW**

I.  **Introduction**

Plaintiff's workers' compensation carrier has paid, as indicated below, almost half a million dollars in workers' compensation benefits as of the latter part of 2018. Oregon law allows motor-vehicle liability insurers to offset the amount of workers' compensation benefits from the insured's damages payable as uninsured/underinsured motorist ("UM/UIM") benefits. The State Farm policies at issue in this case contain such an offset, the Nonduplication clause, and that offset is consistent with the offset for workers' compensation benefits provided in ORS 742.504(7)(b). Plaintiff's argument to eliminate the offset provided by the controlling statute and the State Farm policy language should be rejected.

II. **Undisputed Facts**

This cases arises from plaintiff's claim for UIM benefits regarding a motor-vehicle accident occurring on October 31, 2017. State Farm adopts the facts generally set forth in Defendant State Farm's Motion for Partial Summary Judgment at pp. 2-3 (Dkt. 14). The following facts relevant to resolving this issue are undisputed:

- On October 31, 2017, three motor-vehicle liability policies issued by State Farm to Travis R. Batten, numbered 274 2245-A12-37E ("F150 policy"), 110 5075-C11-37A ("Pickup policy"), and 065 0652-F10-37C ("4Runner policy"), were in full force and effect, with UIM policy limits in the amount of $250,000. F150 policy, pp. 2-3, Ex. 1 to Declaration of Ralph C. Spooner (January 17, 2020) (Dkt. 14-1, and also at Dkt. 3-1, Ex. A); Pickup policy, pp. 2-3, Ex. 2 to Declaration of Ralph C. Spooner (January 17, 2020) (Dkt. 14-1, and also at Dkt. 3-2, Ex. B); and 4Runner policy, pp. 2-3, Ex. 3 to Declaration of Ralph C. Spooner (January 17, 2020) (Dkt. 14-1, and also at Dkt. 3-3, Ex. C).

- Plaintiff was on a work related trip when he was injured in the October 31, 2017 motor-vehicle accident. *See* Plaintiff's Motion for Partial Summary Judgment, p. 4 (Dkt. 15); and *see also* Plaintiff's Motion for Partial Summary Judgment Against Illinois National Insurance Company, pp. 3-4 (Dkt. 30 in Case 1:18-cv-00676-MC).

- As of September 10, 2018, plaintiff had received $455,138.07 in workers' compensation benefits concerning the October 31, 2017 motor-vehicle accident. *See* Plaintiff's Answer to Interrogatory No. 9, p. 7, attached as Exhibit 1 to the Declaration of Donald J. Verfurth (May 28, 2019) (Dkt. 28-1 in Case 1:18-cv-00676-MC).

### III. Summary Judgment Standard

Summary judgment is appropriate on claims where "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When the material facts are undisputed, the court must determine which party has correctly applied the facts to the substantive law of the jurisdiction. *See Batten v. Illinois National Ins. Co.*, 408 F. Supp. 3d 1187 (D. Or. 2019) (applying the undisputed facts to a legal dispute over whether a commercial auto policy was required under Oregon law to provide UIM coverage on the same basis that the policy provided liability coverage).

### IV. Oregon law applies to the interpretation of an Oregon insurance policy

In a diversity action, such as this, the court applies the substantive law of the jurisdiction. *Gasperini v. Center for Humanties, Inc.*, 518 U.S. 415, 427 (1996). Because this case involves a dispute over the interpretation of Oregon insurance policies, Oregon law applies. *Snook v. St. Paul Fire & Marine Ins. Co.*, 220 F. Supp. 314, 316-17 (D. Or. 1963). Ordinarily when interpreting insurance policies, Oregon courts look to the intent of the parties. *Hoffman Const. Co. of Alaska v. Fred S. James & Co. of Oregon*, 313 Or. 464, 836 P. 2d 703 (1992). However, when the

words of the policy are required by statute, the court must follow the rules of statutory construction to determine the intent of the legislature. *Wright v. Turner*, 354 Or. 815, 820, 322 P. 3d 476 (2014).

In interpreting statutes, Oregon courts follow the analytical framework discussed in *PGE v. Bureau of Labor and Industries*, 317 Or. 606, 610, 859 P. 2d 1143 (1993) and in *State v. Gaines*, 346 Or. 160, 171-72, 206 P. 3d 1042 (2009). The court first reviews the text and context of the statute, then the legislative history, and then, if appropriate, various cannons and maxims of statutory construction. *Dowell v. Oregon Mutual Ins. Co.*, 361 Or. 62, 67, 388 P. 3d 1050 (2017).

## V.     The Nonduplication provision is consistent with Oregon law.

As set forth in Defendant State Farm's Motion for Partial Summary Judgment, p. 5 (Dkt. 14), the anti-stacking language in the State Farm policies is enforceable to limit the maximum amount payable as UIM benefits to plaintiff to $250,000, the single highest applicable limit of any one of the three policies, which State Farm has already paid to plaintiff. *See* Declaration of Ralph C. Spooner, ¶ 7, p. 2 (January 17, 2020) (Dkt 14-1).

To the extent this court determines that plaintiff is entitled to any UIM benefits under the State Farm policies in excess of the $250,000 already paid by State Farm, State Farm is entitled to an offset from the plaintiff's damages for the amount of the workers' compensation benefits that have been paid, could have been paid, or could be paid. This offset is enforceable because it is consistent with the offset for workers' compensation provided by the UIM statutes in ORS 742.504(7)(b).

### A.     The State Farm policies

All three policies contain the following language permitting State Farm to offset workers compensation benefits from the damages paid to the insured as UM/UIM benefits:

**Nonduplication**

*We* will not pay under Uninsured Motor Vehicle Bodily Injury Coverage any <u>damages</u>:

\*\*\*\*

2. that:
   a. have already been paid;
   b. could have been paid; or
   c. could be paid

   to or for the *insured* under any workers' compensation law, disability benefits law, or similar law; or

\*\*\*\*

F150 policy, p. 23, Ex. 1 to Spooner decl. (January 17, 2020) (Dkt. 14-1, and also at Dkt. 3-1, Ex. A); Pickup policy, p. 23, Ex. 2 to Spooner decl. (January 17, 2020) (Dkt. 14-1, and also at Dkt. 3-2, Ex. B); and 4Runner policy, p. 23, Ex. 3 to Spooner decl. (January 17, 2020) (Dkt. 14-1, and also at Dkt. 3-3, Ex. C) (underline emphasis added; bold/italic emphasis in original). Further, the State Farm policies only obligate State Farm to pay as UIM benefits:

> ...compensatory <u>damages</u> for ***bodily injury*** an ***insured*** is <u>legally entitled to recover</u> from the owner or driver of an ***uninsured motor vehicle***...

F150 policy, p. 21, Ex. 1 to Spooner decl. (January 17, 2020) (Dkt. 14-1, and also at Dkt. 3-1, Ex. A); Pickup policy, p. 21, Ex. 2 to Spooner decl. (January 17, 2020) (Dkt. 14-1, and also at Dkt. 3-2, Ex. B); and 4Runner policy, p. 21, Ex. 3 to Spooner decl. (January 17, 2020) (Dkt. 14-1, and also at Dkt. 3-3, Ex. C).

Therefore, under the two provisions quoted above, State Farm is entitled to offset workers' compensation benefits that have been paid, could have been paid, or could be paid from the damages that the insured is legally entitled to recover from the owner or operator of an uninsured/underinsured vehicle. Benefits that have been paid clearly and unambiguously refers

to benefits that have been paid for expenses already incurred. Benefits that could be paid clearly and unambiguously refers to future expenses, such as medical expenses and wages. Benefits that could have been paid refers to expenses that were incurred and should have been paid by the workers' compensation carrier, but were not paid either because they were arbitrarily denied by the workers' compensation insurer or not submitted for payment by the injured worker.

To the extent State Farm is entitled to offset damages that "could be paid' in the future, those damages must be damages that the insured is legally entitled to recover. Under Oregon law, a plaintiff is only legally entitled to recover the present value of future economic damages. UCJI 70.05; *see also Denton v. EBI Companies*, 67 Or. App. 339, 343-44, 679 P.2d 301 (1984); and *see also Osborne v. Bessonette*, 265 Or. 224, 229, 508 P.2d 185 (1973). Thus, to the extent the State Farm policy offsets workers' compensation benefits that could be paid, those benefits would be reduced to the present value because an insured would only be legally entitled to recover the present value of such future benefits.

B. **The UIM statutes**

Whether a provision for UIM coverage is enforceable under Oregon law requires a comparison between the coverage provided by the policy with a fictitious policy containing the provision set forth in ORS 742.504. *Vega v. Farmers Ins. Co. of Oregon*, 323 Or. 291, 302, 918 P. 2d 95 (1996). If the coverage provided by the policy is less favorable than the coverage provided by ORS 742.504, then the provision is not enforceable. *Vega*, 323 Or. at 302.

Because the issue here is whether the offset for workers' compensation benefits in the State Farm policies is enforceable, the applicable provision to compare is ORS 742.504(7)(b). ORS 742.504(7)(b) states as follows:

> Any amount payable under the terms of this coverage because of
> bodily injury sustained in an accident by a person who is an

insured under this coverage shall be reduced by the amount paid and the present value of all amounts payable on account of the bodily injury under any workers' compensation law, disability benefits law or any similar law.

As an initial matter, the above language clearly allows an offset of the worker's compensation benefits for "the amount paid" which clearly means the same thing as amounts that "have already been paid" as found in section 2.a of the Nonduplication clause in the State Farm policies quoted above. Plaintiff provides no plausible reason why this provision of the Nonduplication clause is unenforceable, and therefore, in the event a judgment is entered against State Farm in this matter, the court should allow an offset from the plaintiff's damages for the amount of workers' compensation benefits that have been paid. *See Erickson v. Farmers Ins. Co. of Oregon*, 331 Or. 681, 21 P.3d 90 (2001) (striking Exclusion 3d and paragraph 4 from policy as unenforceable, but leaving paragraph 3 in policy as enforceable).

Plaintiff's main argument is that provision 2.c of the Nonduplication clause in the State Farm policies is unenforceable because it does not explicitly state that the benefits that "could be paid" are reduced to present value as stated in ORS 742.504(7)(b). However, as set forth above, the only damages that "could be paid" to plaintiff are future economic damages. Because the offset in the policy is against the damages that the insured is legally entitled to recover, the provision necessarily incorporates a reduction to present value for future economic damages because those are the only damages that "could be paid" and that plaintiff is legally entitled to recover from the underinsured driver.

Plaintiff's next argument is that provision 2.b of the Nonduplication clause is more limiting than the statute because plaintiff interprets ORS 742.504(7)(b) to only allow offsets for benefits that were actually paid rather than could be paid. However, ORS 742.504(7)(b) allows offsets for "amounts paid and the present value of all amounts payable."

"Payable" is defined as "that may, can, or must be paid." "Payable." *Merriam-Webster.com Dictionary*, Merriam-Webster, available at https://www.merriamwebster.com/dictionary/payable (accessed February 18, 2020). An amount that may be paid is also an amount that could have been paid. Thus, provision 2.b of the Nonduplication clause which offsets workers' compensation benefits that could have been paid, is the same as the offset in ORS 742.504(7)(b) for all amounts that are payable as workers' compensation benefits.

Further support for provision 2.b of the Nonduplication clause is found in ORS 742.504(4)(c), which states:

> This coverage does not apply so as to inure directly or **indirectly** to the benefit of any workers' compensation carrier, any person or organization qualifying as a self-insurer under any workers' compensation or disability benefits law or any similar law or the State Accident Insurance Fund Corporation.

(Emphasis added). The offset for damages that "could have been paid" offsets past incurred expenses that either should have been submitted to the workers' compensation carrier and weren't, or that the workers' compensation carrier arbitrarily denied. In either scenario, the workers' compensation carrier or self-insurer would indirectly benefit by not paying expenses that they should have paid and would be unable to recover from the UM/UIM insurer. *See Longstreet v. Liberty Northwest Ins. Co.*, 238 Or. App. 396, 403-04, 245 P.3d 656 (2010). Thus, the offset for damages "that could be paid" prevents the workers' compensation carrier from receiving an indirect benefit.

The purpose of the workers' compensation offset in ORS 742.504(7)(b) is to prevent the insured from obtaining a "double recovery." *See Vega*, 323 Or. at 301 (stating so). Allowing the plaintiff to nullify the entire provision would be contrary to that purpose. For the reasons stated above, the Nonduplication clause in the State Farm policies is consistent with

ORS 742.504(7)(b) and therefore enforceable under Oregon law. Plaintiff's Second Motion for Partial Summary Judgment should be denied.

## VI. Conclusion

For the foregoing reasons, State Farm respectfully requests that this Court enter an Order denying plaintiff's second partial Motion for Summary Judgment.

DATED this 21st day of February, 2020.

<u>s/ Ralph C. Spooner</u>
RALPH C. SPOONER, OSB# 732880
Of Attorney for Defendant State Farm Mutual
Automobile Insurance Company
E-mail: rspooner@smapc.com
Fax: (503) 588-5899

# CERTIFICATE OF SERVICE

I hereby certify that I served a copy of the foregoing **DEFENDANT STATE FARM'S RESPONSE TO PLAINTIFF'S SECOND MOTION FOR PARTIAL SUMMARY JUDGMENT** to the following:

| | |
|---|---|
| Michael Brian, OSB No. 710309<br>Brian Law Firm LLC<br>1611 E Barnett Rd<br>Medford, OR 97504<br>Fax: 541-770-5560<br>E-mail address: michael@brianlawfirm.com<br>   Attorney for *Plaintiff* | Travis Eiva, OSB No. 052440<br>Zemper Eiva Law, LLC<br>101 E Broadway, Suite 303<br>Eugene, OR 97401<br>Fax: 458-205-8658<br>E-mail address: travis@zempereiva.com<br>   Co-Counsel for *Plaintiff* |

Donald J. Verfuth, OSB No. 066480
Stephanie M. Ries, OSB No 111734
Gordon Rees Scully Mansukhani, LLP
701 5th Avenue, Suite 2100
Seattle, WA 98104
Fax" 206-689-2822
Email addresses: dverfuth@grsm.com, sries@grsm.com
   Attorneys for *Defendant Illinois National Insurance Company*

☒   by emailing a copy to said attorney at the above email address with consent of counsel;
☐   by mailing a copy in a sealed, first-class, postage prepaid envelope, addressed to said attorneys at the above address and deposited in the U.S. Mail;
☒   by serving correct copies thereof, certified by me as such, to attorneys via the United States District Court for the District of Oregon's CM/ECF filing system.

DATED this 21st day of February, 2020.

        s/ Ralph C. Spooner
        RALPH C. SPOONER, OSB# 732880
        Spooner & Much, P.C.
        Attorneys for Defendant State Farm
        E-mail: rspooner@smapc.com
        Fax: (503) 588-5899