**Ralph C. Spooner, OSB No. 732880**
E-mail:  rspooner@smapc.com
SPOONER & MUCH, P.C.
530 Center Street N.E., Suite 712
Salem, OR 97301
Phone: 503-378-7777
Fax:    503-588-5899

Of Attorney for Defendant State Farm
Mutual Automobile Insurance Company

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| TRAVIS BATTEN,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,<br><br>　　　　　Defendant. | Case No. 3:19-cv-01200-MC<br><br>*Consolidated with*:<br>Case No. 1:18-cv-00676-MC<br><br>**Defendant State Farm's**<br>**REPLY IN SUPPORT OF STATE FARM'S MOTION FOR PARTIAL SUMMARY JUDGMENT** |

COMES NOW, defendant, State Farm Mutual Automobile Insurance Company ("State Farm"), by and through its attorney, Ralph C. Spooner, Spooner & Much, P.C., and replies in support of State Farm's Motion for Partial Summary Judgment. In support of this Reply, State Farm relies upon the district court's file in its entirety, the Declaration of Ralph C. Spooner, and the Memorandum of Law set forth below.

/ / /

/ / /

/ / /

Page 1 – DEFENDANT STATE FARM'S REPLY IN SUPPORT OF STATE FARM'S MOTION FOR PARTIAL
　　　　　SUMMARY JUDGMENT

# MEMORANDUM OF LAW

## I.     Summary of Argument

Plaintiff seeks to stack the underinsured motorist ("UIM") benefits[1] of three motor-vehicle liability policies issued by State Farm to plaintiff. Each of the policies contains an anti-stacking provision for UIM coverage when one or more motor-vehicle liability policies issued by State Farm cover the same insured. By operation of that UIM anti-stacking provision and the applicable UIM statutes, the maximum amount payable to the plaintiff for UIM benefits under all three policies is limited to $250,000, the single highest applicable limit of any of the three policies.

## II.     Plaintiff is getting the coverage he paid for.

Plaintiff argues that he should be entitled to stack the three State Farm policies because he paid for three separate UIM coverages. *See* Plaintiff's Opposition to Defendant State Farm's Motion for Summary Judgment, pp. 5-6 (Dkt. 17). However, plaintiff obtained exactly the coverage he paid for.

In addition to the UM/UIM anti-stacking provision that limits the plaintiff's UIM benefits to the single highest UIM limit of the three policies, each of the State Farm policies contain the following provision concerning how premiums are calculated:

> The premium for this policy may vary based upon:
> (1)     the purchase of other products or services from the ***State Farm Companies***;

F150 policy, p. 56, Ex. 1 to Declaration of Ralph C. Spooner (January 17, 2020) (Dkt. 14-1, and

---

[1] Plaintiff characterizes the issue as a dispute over stacking *uninsured* motorist ("UM") coverage as opposed to *underinsured* ("UIM") motorist coverage. Because the underinsured driver had collectible motor-vehicle liability insurance, but pursuant to Louisiana law that insurance was less than the minimum limits allowed in Oregon, both definitions apply. *See* ORS 742.500(5) and 742.502(2)(a). Whether the coverage is UM or UIM does not change the analysis, so State Farm will continue to refer to it as UIM coverage.

Page 2 – DEFENDANT STATE FARM'S REPLY IN SUPPORT OF STATE FARM'S MOTION FOR PARTIAL
          SUMMARY JUDGMENT

also at Dkt. 3-1, Ex. A); Pickup policy, p. 56, Ex. 2 to Declaration of Ralph C. Spooner (January 17, 2020) (Dkt. 14-1, and also at Dkt. 3-2, Ex. B); and 4Runner policy, p. 61, Ex. 3 to Declaration of Ralph C. Spooner (January 17, 2020) (Dkt. 14-1, and also at Dkt. 3-3, Ex. C). Each of plaintiff's State Farm motor-vehicle liability policies are products or services provided by State Farm. Thus, the premiums of each policy are calculated based on the fact that plaintiff has three motor-vehicle liability policies, and that each of those policies contain UM/UIM antistacking provisions that limit the maximum amount payable under all three policies to the single highest applicable limit. If plaintiff is permitted to stack his three policies, then he will obtain coverage that he did not pay for.

The Oregon Supreme Court has also already rejected the argument that the payment of multiple premiums entitles the insured to stack multiple coverages. *See Kennedy v. American Hardware Mut. Ins. Co.*, 255 Or 425, 426-27, 467 P2d 963 (1970) (holding that the payment of multiple premiums did not permit the pedestrian insured to stack multiple uninsured motorist coverages); and *see also Castle v. United Pacific Ins. Group*, 252 Or 44, 45-46, 448 P2d 357 (1968) (holding that the payment of multiple premiums did not permit an insured who was a passenger in one of the vehicles to stack multiple uninsured motorist coverages).

Plaintiff may argue that this case is different because both *Kennedy* and *Castle* involve plaintiffs seeking to stack multiple coverages from a single policy issued for multiple vehicles. *Kennedy*, 255 Or at 426; and *Castle*, 252 Or at 45. However, the court in *Castle* rejected the plaintiff's arguments in favor of stacking because "the premium paid and the coverage extended to each of the two automobiles was simply to provide the form of coverage for each of the insured vehicles." *Castle*, 252 Or at 45. In adopting that reasoning in a case where the insured was seeking coverage as a pedestrian, the court in *Kennedy* reasoned that the same

logic applied regardless of how many similar coverages for separate vehicles were purchased. *See Kennedy*, 255 Or at 426.

All three State Farm policies were issued to the same insured. Similar to the plaintiffs in *Kennedy* and in *Castle*, plaintiff purchased UIM coverage for separate vehicles from the same insurer. The only difference between the plaintiffs in *Kennedy* and in *Castle* from the plaintiff in this case is that the insurer in those cases issued one policy covering multiple vehicles, whereas State Farm issued separate policies for each vehicle. There is no logical reason to treat State Farm differently from an insurer that issues one policy for multiple vehicles just because State Farm has a business practice of issuing separate policies for each vehicle. The same reasoning used by the court in those cases applies here; the purchase of multiple UIM coverages for separate vehicles by the same individual and from the same insurer does not by itself provide a basis to support stacking similar coverages. This is even more apparent when, like here, the terms of the policy expressly disallow stacking those coverages.

**III.   The anti-stacking provision does not alter the limits on the Declarations page.**

Plaintiff argues, without much discussion, that the UM/UIM anti-stacking provision impermissibly lowers the limits on the Declarations page without following the statutory formalities. *See* Plaintiff's Opposition to Defendant State Farm's Motion for Summary Judgment, p. 2 (Dkt. 17).

The Declarations page of each policy indicates the UM/UIM limit is $250,000 per person, and $500,000 per accident. F150 policy, p. 2, Ex. 1 to Spooner decl. (January 17, 2020) (Dkt. 14-1, and also at Dkt. 3-1, Ex. A); Pickup policy, p. 2, Ex. 2 to Spooner decl. (January 17, 2020) (Dkt. 14-1, and also at Dkt. 3-2, Ex. B); and 4Runner policy, p. 2, Ex. 3 to Spooner decl. (January 17, 2020) (Dkt. 14-1, and also at Dkt. 3-3, Ex. C). The UM/UIM anti-stacking provision

in the State Farm policies clearly limits "the maximum amount to be paid from all policies" and nothing in that provision alters the limit on the Declarations page. F150 policy, p. 24, Ex. 1 to Spooner decl. (January 17, 2020) (Dkt. 14-1, and also at Dkt. 3-1, Ex. A); Pickup policy, p. 24, Ex. 2 to Spooner decl. (January 17, 2020) (Dkt. 14-1, and also at Dkt. 3-2, Ex. B); and 4Runner policy, p. 24, Ex. 3 to Spooner decl. (January 17, 2020) (Dkt. 14-1, and also at Dkt. 3-3, Ex. C).

Further, no language in ORS 742.502(2)(b) and (c) requires an election to be signed when a policy provision authorizes a reduction in the amount payable under the policy. Reductions in the amount payable under the policy are found in ORS 742.504(7)(b) and (c), and also in ORS 742.504(9)(b). None of these reductions require a signed election form. Therefore, nothing in ORS 742.502(2) requires the insured to sign an election form to authorize the UM/UIM anti-stacking provision in the State Farm policies.

## IV. The legislative history indicates that the legislature did not intend to change an insurer's ability to include UM/UIM anti-stacking provisions in its policies.

Plaintiff argues that the removal of *former* ORS 742.504(9)(b) indicates an intent to prevent insurers from including anti-stacking language in their UM/UIM policies. Without any citation, plaintiff asserts that the legislature "determined that an insurer should not be able to deny paid-for coverage in one policy based on the fortuity that other insurance policies also may provide some coverage for the injuries." *See* Plaintiff's Opposition to Defendant State Farm's Motion for Summary Judgment, p. 3 (Dkt. 17). The problem with plaintiff's position is that the legislative record provides no support that the legislature even contemplated the issue of stacking multiple UM/UIM coverages when it enacted Senate Bill 411 ("SB 411"), Or. Laws 2015, Ch. 5.

In reviewing the legislative materials in passing SB 411, the use of the word "stacking" always referred to the ability of the insured to "stack" the UIM coverage on top of the

liability insurance – not other UIM insurance. Stacking multiple UIM coverages at the same level of coverage was not contemplated. For instance:

- "**SB 411 allows Oregon**...**consumers to stack their coverage on top of the at-fault driver's liability coverage**..." (emphasis in original) and "**SB 411 would STACK your $25,000 coverage on top of the underinsured motorist's liability coverage.**" (Emphasis in original). *See* Consumer Protection in Auto Insurance, Senate Committee On Business and Transportation, SB 411, Feb. 4, 2015 (accompanying statement of Arthur Towers, Oregon Trial Lawyers Association), available at https://olis.leg.state.or.us/liz/2015R1/Downloads/CommitteeMeetingDocument/43495 (last accessed February 20, 2020).

- "The bill would make UIM coverage 'excess' over and above any liability coverage(s)." Letter, Senate Committee On Business and Transportation, SB 411, Feb. 4, 2015 (accompanying statement of Lana Butterfield, American Family Insurance), available at https://olis.leg.state.or.us/liz/2015R1/Downloads/CommitteeMeetingDocument/43451 (last accessed February 20, 2020).

- "[The insured] paid for $50,000 in coverage and the at fault (sic) Oregon driver had $50,000 in coverage. Because she was a Washington resident with Washington insurance, she will be able to stack the two policies for $100,000 in coverage. An Oregon with the same coverage in the same accident would only be able to access $50,000 in coverage." Letter, Senate Committee On Business and Transportation, SB 411, Feb. 4, 2015 (accompanying statement of Tom D'Amore, Oregon Trial Lawyers Association), available at https://olis.leg.state.or.us/liz/2015R1/Downloads/CommitteeMeetingDocument/43453 (last accessed February 20, 2020).

- "SB 411 would allow a victim like Justin to 'stack' all the purchased coverage; the $25,000 from the at-fault driver AND the $25,000 underinsured motorist coverage he paid for." Letter, Senate Committee On Business and Transportation, SB 411, Feb. 4, 2015 (accompanying statement of Rob Dolton, Oregon Trial Lawyers Association), available at https://olis.leg.state.or.us/liz/2015R1/Downloads/CommitteeMeetingDocument/43452 (last accessed February 20, 2020).

- "[SB 411] addresses 'stacking,' allowing injured motorists to add their uninsured motorist coverage on top of the at-fault driver's liability coverage..." Press Release, Senate Majority Office, Oregon State Legislature, SB 411, February 24, 2015, available at https://www.oregonlegislature.gov/senatedemocrats/Documents/SMO%20PR_SB%20411%20PIP%20%20Stacking_02%2024%202015.pdf (last accessed February 20, 2020).

- "SB 411 will allow injured motorists to add their uninsured motorist coverage on top of the at-fault driver's liability coverage..." Press Release, Oregon Legislature – House Democratic Caucus, SB 411, March 5, 2015, available at https://www.oregonlegislature.gov/housedemocrats/Documents/InsuranceReform.pdf (last accessed February 20, 2020).

In each reference cited above, the discussion of stacking always centered on stacking the insured's UIM coverage on top of the tortfeasor's liability coverage, and not stacking multiple UIM coverages together.

As discussed in more detail in Defendant State Farm's Motion for Partial Summary Judgment at pp. 6-12 (Dkt. 14), the legislature has always intended that insurers could choose to include UM/UIM anti-stacking provisions in their motor-vehicle liability policies. If

SB 411 was supposed to change that, then there would have been some discussion by the legislature on how multiple policies stack at the same level of coverage. There simply wasn't any discussion on that issue. Even the exhibit plaintiff quotes only discusses stacking in the context of stacking UIM coverage on top of the tortfeasor's liability coverage. For that reason, plaintiff's argument fails.

**V.      Plaintiff omits persuasive precedent in State Farm's favor.**

Plaintiff directed the court's attention to Hon. Katharine von ter Stegge's opinion in *Estate of Brenna M. Collacchi v. State Farm Mut. Auto. Ins. Co.*, Multnomah County Case No. 18CV49030. However, in doing so, plaintiff omitted precedent concerning Hon. Audrey J. Broyles's opinion in *Crystal Chadwell v. State Farm Mut. Auto. Ins. Co.*, Marion County Circuit Court Case No. 19CV01140, which held that the UM/UIM anti-stacking provision in the State Farm policies was enforceable to limit the plaintiff's damages in that case to the single highest limit of the three available State Farm policies. *See* Judge Broyles' opinion letter, attached as Exhibit 1 to the Declaration of Ralph C. Spooner (February 21, 2020). Judge Broyles also entered a judgment declaring the UM/UIM anti-stacking provision in the State Farm policies enforceable under Oregon law. *See* General Judgment for Declaratory Relief and Money Award, attached as Exhibit 2 to the Declaration of Ralph C. Spooner (February 21, 2020).

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

## VI. Conclusion

For the foregoing reasons, State Farm respectfully requests that this Court enter an Order granting summary judgment in State Farm's favor on all claims asserted by plaintiff for UIM benefits under the State Farm policies and on State Farm's Counterclaim for Declaratory Relief.

DATED this 21st day of February, 2020.

s/ Ralph C. Spooner
RALPH C. SPOONER, OSB# 732880
Of Attorney for Defendant State Farm Mutual
Automobile Insurance Company
E-mail: rspooner@smapc.com
Fax: (503) 588-5899

# CERTIFICATE OF SERVICE

I hereby certify that I served a copy of the foregoing **DEFENDANT STATE FARM'S REPLY IN SUPPORT OF STATE FARM'S FIRST MOTION FOR PARTIAL SUMMARY JUDGMENT** to the following:

| | |
|---|---|
| Michael Brian, OSB No. 710309<br>Brian Law Firm LLC<br>1611 E Barnett Rd<br>Medford, OR  97504<br>Fax: 541-770-5560<br>E-mail address: michael@brianlawfirm.com<br>   Attorney for *Plaintiff* | Travis Eiva, OSB No. 052440<br>Zemper Eiva Law, LLC<br>101 E Broadway, Suite 303<br>Eugene, OR 97401<br>Fax:  458-205-8658<br>E-mail address: travis@zempereiva.com<br>    Co-Counsel for *Plaintiff* |

Donald J. Verfuth, OSB No. 066480
Stephanie M. Ries, OSB No 111734
Gordon Rees Scully Mansukhani, LLP
701 5th Avenue, Suite 2100
Seattle, WA 98104
Fax" 206-689-2822
Email addresses: dverfuth@grsm.com, sries@grsm.com
   Attorneys for *Defendant Illinois National Insurance Company*

| | |
|---|---|
| ☒ | by emailing a copy to said attorney at the above email address with consent of counsel; |
| ☐ | by mailing a copy in a sealed, first-class, postage prepaid envelope, addressed to said attorneys at the above address and deposited in the U.S. Mail; |
| ☒ | by serving correct copies thereof, certified by me as such, to attorneys via the United States District Court for the District of Oregon's CM/ECF filing system. |

DATED this 21st day of February, 2020.

s/ Ralph C. Spooner
RALPH C. SPOONER, OSB# 732880
Spooner & Much, P.C.
Attorneys for Defendant State Farm
E-mail: rspooner@smapc.com
Fax: (503) 588-5899
