Ralph C. Spooner, OSB No. 732880
E-mail:  rspooner@smapc.com
SPOONER & MUCH, P.C.
530 Center Street N.E., Suite 712
Salem, OR 97301
Phone: 503-378-7777
Fax:    503-588-5899

Of Attorney for Defendant State Farm
Mutual Automobile Insurance Company

Michael Brian, OSB No. 710309
michael@brianlawfirm.com
Brian Law Firm LLC
1611 East Barnett Rd
Medford, Or 97501
Telephone: (541) 772-1334
Facsimile: (541) 770-5560

Travis Eiva, OSB No. 052440
travis@zempereiva.com
Zemper Eiva Law LLC
101 East Broadway, Ste. 303
Eugene, OR 97401
Telephone: (541)-636-7480
Facsimile: (458) 205-8658

Of Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| TRAVIS BATTEN, | Case No. 3:19-cv-01200-MC |
| Plaintiff, | |
| | *Consolidated with*: |
| | Case No. 1:18-cv-00676-MC |
| vs. | |
| | **JOINT MOTION TO CERTIFY** |
| STATE FARM MUTUAL AUTOMOBILE | **QUESTION TO THE OREGON** |
| INSURANCE COMPANY, | **SUPREME COURT** |
| Defendant. | |

## LR 7-1(a) CERTIFICATION

The undersigned attorneys for the above-captioned parties have indicated their agreement that the following question should be certified to the Oregon Supreme Court by joining this Motion.

## MOTION

COMES NOW, defendant, State Farm Mutual Automobile Insurance Company ("State Farm"), by and through its attorney, Ralph C. Spooner, Spooner & Much, P.C., and plaintiff, Travis Batten, by and through his attorneys, Michael Brian and Travis Eiva, and moves the court for an Order, pursuant to ORS 28.200 to 28.255, certifying the following question of substantive state law to the Oregon Supreme Court.

## QUESTION

Are the following anti-stacking provisions regarding

UM/UIM coverage in the State Farm motor-vehicle liability

policies enforceable under ORS 742.500 to 742.506?

**If Other Uninsured Motor Vehicle Coverage of Any Kind Applies**
1.  If Uninsured Motor Vehicle Bodily Injury Coverage provided by this policy and Uninsured Motor Vehicle Coverage of any kind provided by one or more other vehicle policies issued to *you* or any *resident relative* by the *State Farm Companies* apply to the same *bodily injury*, then:
    a.  such Uninsured Motor Vehicle Coverage limits of such policies will not be added together to determine the most that may be paid; and
    b.  the maximum amount that may be paid from all such policies combined is the single highest applicable limit provided by any one of the polices. *We* may choose one or more policies from which to make payment.

## MEMORANDUM OF LAW

**I.      Introduction**

        This is a question of first impression in Oregon. This case involves circumstances in which the insured has UM/UIM coverage under more than one policy with State Farm, each with its own policy limit.  The parties agree that the above provision indicates that the limits of such policies will not be added together to determine the most that may be paid and that the maximum amount payable is the single highest applicable limit provided by any one of the policies.   State Farm argues that ORS 742.500 *et seq.* permits enforcement of that provision. Plaintiff argues that those same statutes prohibit enforcement of the provision.  This same legal issue has been presented in nearly identical summary judgment memoranda (but not yet argued) in the following cases pending in United State District Court for the District of Oregon:

- *Lori Chisholm v. State Farm Mut. Auto. Ins. Co.*, Case No. 3:19-cv-02027-IM;

- *The Estate of John Wesley Counts, by Lois Counts, Administrator v. State Farm Mut. Auto Ins. Co.*, Case No. 1:19-cv-01299-CL; and

- *Cesar Rivera v. State Farm Mut. Auto Ins. Co.*, Case No. 3:19-cv-01325-SI.

        The parties also have simultaneous requests to the district courts hearing those cases to also certify this same question to the Oregon Supreme Court.

        There is currently a split in the Circuit Courts of Oregon on this issue. In *Crystal Chadwell v. State Farm Mut. Auto. Ins. Co.*, Marion County Circuit Court Case No. 19CV01140, Hon. Audrey J. Broyles held that the UM/UIM anti-stacking provision in the State Farm policies were enforceable and limited the damages due to the plaintiff to the highest applicable UIM limit of the three policies. Whereas in *Estate of Brenna M. Collacchi v. State Farm Mut. Auto. Ins. Co.*, Multnomah County Case No. 18CV49030, Hon. Katharine von Ter Stegge held that the

UM/UIM anti-stacking provision in the State Farm policies was not enforceable after the legislature amended ORS 742.504(9) with SB 411. Both decisions have been appealed and have yet to be briefed in the Oregon Court of Appeals.[1]

Cross-Motions for Summary Judgment have been filed on this issue in each of the above-referenced cases. There is no clear and controlling Oregon precedent in the Oregon appellate courts on this issue. Resolution of this question by the Oregon Supreme Court would not just resolve the legal issue in this case, it would resolve the Circuit Court split in the state courts of Oregon.

## II.    Legal Standard for Certification to the Oregon Supreme Court

This Court has discretion to certify a question to the Oregon Supreme Court. *Eckard Brandes, Inc. v. Riley*, 338 F.3d 1082, 1087 (9th Cir. 2003). In exercising such discretion, Oregon district courts consider the factors set forth in *Western Helicopter Services, Inc. v. Rogerson Aircraft Corp.*, 311 Or. 361, 364-65, 811 P.2d 627 (1991). LR-83-15(a). Those five factors are as follows:

(1)    Whether the certification came from a designated court;

(2)    Whether the question is one of law and not fact;

(3)    Whether the law at issue is a question of Oregon law;

(4)    Whether the question may be determinative of the cause; and

(5)    Whether there is no controlling precedent from the Oregon Supreme Court or Oregon Court of Appeals.

*Western Helicopter*, 311 Or. at 364; and ORS 28.200.

/ / /

---

[1] *See Crystal Chadwell v. State Farm Mut. Auto. Ins. Co.*, Oregon Court of Appeals Case No. A173171; and *Estate of Brenna M. Collacchi v. State Farm Mut. Auto. Ins. Co.*, Oregon Court of Appeals Case No. A173349.

III.   **The *Western Helicopter* factors favor certification.**

  A.   **Designated Court**

    This court, as a United District Court for the District of Oregon, is a designated court pursuant to ORS 28.200.

  B.   **Question of Law**

    The certified question must be a legal dispute. *Western Helicopter*, 311 Or. at 364; and ORS 28.210. Certification is not appropriate where disputed facts render the legal dispute unclear. *Western Helicopter*, 311 Or. at 364-65 (citation omitted).

    The question presented here is purely a legal dispute. If the State Farm provision is enforceable, then the available UM/UIM coverage is limited to the single highest applicable limit of any one of the three policies. If the provision is not enforceable, then the plaintiff will be permitted to obtain UM/UIM benefits up to the limits of all three policies.

    As set forth in the parties' cross-Motions for Partial Summary Judgment, the facts material to resolving this issue are undisputed. *See* Defendant State Farm's Motion for Summary Judgment, pp. 2-3 (Dkt. 14); and Plaintiff's Motion for Partial Summary Judgment, pp. 4-8 (Dkt. 15). There are no disputed facts pertaining to the legal issue in this case, so this factor favors certification.

  C.   **Question of Oregon Law**

    The question presented must concern Oregon law and not the law of another jurisdiction. *Western Helicopter*, 311 Or. at 365. The question presented in this case is the interpretation of Oregon statues, ORS 742.500 through 742.506, and Oregon insurance policies. District courts apply Oregon law to the interpretation of Oregon insurance policies. *Snook v. St. Paul Fire & Marine Ins. Co.*, 220 F. Supp. 314, 316-17 (D. Or. 1963). The only law at issue is

Oregon law, and therefore this factor favor certification.

**D.    Determinative of the Cause**

The answer to the question presented must have potential to determine at least one claim in the case. *Western Helicopter*, 311 Or. at 365. State Farm filed a Counterclaim for Declaratory Relief on this issue asking the court to declare the above-referenced provision in the State Farm policies enforceable to limit the damages due for UM/UIM benefits to plaintiff to the single highest applicable UM/UIM limit provided by any one of the three policies. *See* Defendant's Answer, Affirmative Defenses and Counterclaim to Complaint, ¶¶ 11-18, pp. 3-5 (Dkt. 3). The answer to the question presented would completely resolve State Farm's Counterclaim.

Further, if the answer is in State Farm's favor, then it would also resolve plaintiff's claims asserted against State Farm, because State Farm has already paid the limits of one policy. *See* Defendant's Answer, Affirmative Defenses and Counterclaim to Complaint, ¶ 15 (Dkt. 3). Thus, in addition to the answer completely resolving State Farm's counterclaim, the answer would also potentially resolve plaintiff's UM/UIM claim against State Farm. Therefore, this factor favors certification.

This legal issue has been raised not only in the above listed federal district cases but it is also arising in other UM/UIM claims for benefits. Resolution of this question by the Oregon Supreme Court would limit substantial expenditure of judicial resources on those cases as well.

**E.    No Controlling Precedent**

The final factor requires the certifying court to engage in an analysis of whether there is any controlling precedent in the Oregon Court of Appeals or Oregon Supreme Court.

*Western Helicopter*, 311 Or. at 365. If there is controlling precedent in either appellate court, then certification is not appropriate. *Id.*

The passage of SB 411 was a significant change to the UM/UIM statutes in Oregon. SB 411 changed the way UIM benefits were calculated from a "limits-to-limits" approach to a "limits-to-damages" approach. *See Zimmerman v. Allstate Property & Cas. Ins. Co.*, 354 Or. 271, 286-87, 311 P.3d 497 (2013) (citing Irvin E. Schermer and William J. Schermer, *Automotive Liability Insurance* § 38.3 (4th ed. 2012) for explanation of different jurisdictional approaches to UIM coverage). To accomplish that change, significant changes were made to the statutory language in ORS 742.500 to 742.506.

Prior to SB 411, a UM/UIM anti-stacking provision similar to the provision in the State Farm policies had been upheld as enforceable under the former UM/UIM statutes. *VanWormer ex rel. VanWormer v. Farmers Ins. Co. Oregon*, 171 Or. App. 450, 456, 15 P.3d 612 (2000); and *Heffner v. Farmers Ins. Co. of Oregon*, 213 Or. App. 289, 295, 162 P. 3d 277, *rev. den.*, 343 Or. 555 (2007). Much of the statutory language analyzed in *VanWormer* and in *Heffner* has either been changed or removed. Both parties agree that neither decision is controlling precedent on this issue.

No Oregon appellate court has yet addressed how the changes made by SB 411 to the UM/UIM statutes affect the enforceability of UM/UIM anti-stacking provision in Oregon motor-vehicle liability policies. This factor favors certification because there is no controlling precedent on this issue.

/ / /

/ / /

/ / /

**IV.    Conclusion**

   For the foregoing reasons, the parties respectfully request that this Court enter an

Order certifying the question stated above to the Oregon Supreme Court.

   DATED this 5th day of March, 2020.


         s/ Michael Brian
         MICHAEL BRIAN, OSB# 710309
         E-mail: michael@brianlawfirm.com
         Fax: (541) 770-5560
         Of Attorney for Plaintiff


         s/ Travis Eiva
         TRAVIS EIVA, OSB# 052440
         E-mail: travis@zempereiva.com
         Fax: (458) 205-8658
         Of Attorney for Plaintiff


         s/ Ralph C. Spooner
         RALPH C. SPOONER, OSB# 732880
         Of Attorney for Defendant State Farm Mutual
         Automobile Insurance Company
         E-mail: rspooner@smapc.com
         Fax: (503) 588-5899

## CERTIFICATE OF SERVICE

I hereby certify that I served a copy of the foregoing **JOINT MOTION TO**

**CERTIFY QUESTION TO OREGON SUPREME COURT** to the following:

| | |
|---|---|
| Michael Brian, OSB No. 710309 | Travis Eiva, OSB No. 052440 |
| Brian Law Firm LLC | Zemper Eiva Law, LLC |
| 1611 E Barnett Rd | 101 E Broadway, Suite 303 |
| Medford, OR 97504 | Eugene, OR 97401 |
| Fax: 541-770-5560 | Fax:  458-205-8658 |
| E-mail address: michael@brianlawfirm.com | E-mail address: travis@zempereiva.com |
| Attorney for *Plaintiff* | Co-Counsel for *Plaintiff* |

☒     by emailing a copy to said attorney at the above email address with consent of counsel;

☐     by mailing a copy in a sealed, first-class, postage prepaid envelope, addressed to said attorneys at the above address and deposited in the U.S. Mail;

☒     by serving correct copies thereof, certified by me as such, to attorneys via the United States District Court for the District of Oregon's CM/ECF filing system.

DATED this 5th day of March, 2020.

s/ Ralph C. Spooner
RALPH C. SPOONER, OSB# 732880
Spooner & Much, P.C.
Attorneys for Defendant State Farm
E-mail: rspooner@smapc.com
Fax: (503) 588-5899