# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| TRAVIS BATTEN,<br><br>         Plaintiff,<br><br>     v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,<br><br>         Defendant. | Case No. 3:19-cv-01200-MC<br><br>**CERTIFICATION ORDER** |
| ESTATE OF JOHN WESLEY COUNTS,<br><br>         Plaintiff,<br><br>     v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,<br><br>         Defendant. | Case No. 1:19-cv-01299-CL<br><br>**CERTIFICATION ORDER** |

PAGE 1 – ORDER

| | |
|---|---|
| CESAR RIVERA, | Case No. 3:19-cv-01325-SI |
| Plaintiff, | **CERTIFICATION ORDER** |
| v. | |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, | |
| Defendant. | |

| | |
|---|---|
| LORI CHISOLM, | Case No. 3:19-cv-2027-IM |
| Plaintiff, | **CERTIFICATION ORDER** |
| v. | |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, | |
| Defendant. | |

In each of the above-captioned cases, the plaintiffs filed suit claiming that Defendant State Farm Mutual Insurance Company ("State Farm") breached its obligation under motor-vehicle insurance policies to pay uninsured or underinsured motorist (UM/UIM) benefits. Each plaintiff is insured by State Farm under multiple motor-vehicle insurance policies with "anti-stacking" provisions that prohibit an insured from recovering UM/UIM benefits from more than one policy. The parties dispute whether anti-stacking provisions are enforceable under Oregon law and have jointly moved this Court to certify this purely legal question to the Oregon Supreme Court. After considering the parties' motion, pursuant to ORS 28.200 to 28.255 and *Western Helicopter Services, Inc. v. Rogerson*

*Aircraft Corp.*, 311 Or. 361, 364 (1991), as well as Local Rule 83-15 of the District of Oregon, the District Court of Oregon certifies the following question to the Oregon Supreme Court:

## QUESTION PRESENTED FOR CERTIFICATION

1. **Are anti-stacking provisions regarding uninsured and underinsured motorist coverage, such as the following provision in the State Farm motor-vehicle liability policies, enforceable under ORS 742.500 to 742.506?**

> **If Other Uninsured Motor Vehicle Coverage of Any Kind Applies**
>
> 1. If Uninsured Motor Vehicle Bodily Injury Coverage and Property Damage provided by this policy and Uninsured Motor Vehicle Coverage of any kind provided by one or more other vehicle policies issued to *you* or any *resident relative* by the *State Farm Companies* apply to the same *bodily injury* or property damage, then:
>
> a. such Uninsured Motor Vehicle Coverage limits of such policies will not be added together to determine the most that may be paid; and
>
> b. the maximum amount that may be paid from all such policies combined is the single highest applicable limit provided by any one of the polices. *We* may choose one or more policies from which to make payment.

## BACKGROUND

All plaintiffs were injured in motor-vehicle accidents with an uninsured or underinsured motorist. At the time of the accidents, all plaintiffs were insured by Defendant State Farm under more than one motor-vehicle liability policy. Each of the policies included a provision that prohibited the insured from recovering UM/UIM benefits from more than one policy for the same injury. Under the policies, the insured may recover the highest applicable limit from any one of the relevant policies.

PAGE 3 – ORDER

Plaintiffs allege that these provisions, known as "anti-stacking" provisions, are unenforceable under Oregon law. In Oregon, every motor-vehicle liability policy issued for delivery in Oregon or issued by an insurer doing business in Oregon must provide uninsured and underinsured coverage. *See* ORS 742.502(1); ORS 742.502(4) (providing that underinsured motorist coverage is subject to the standards for uninsured coverage under ORS 742.504). ORS 742.504 sets out comprehensive standards for uninsured/underinsured motorist ("UM/UIM") coverage under Oregon law. *Vega v. Farmers Ins. Co. of Oregon*, 323 Or. 291, 302 (1996). Although insurers may alter or add terms to the coverage authorized under that section, any provision that is less favorable than the coverage outlined in ORS 742.504 is not enforceable. *Id*. Under that section, insurers must "pay all sums the insured . . . is entitled to recover as damages from the owner or operator of an uninsured vehicle because of bodily injury sustained by the insured caused by the accident and arising out of the ownership, maintenance or use of the uninsured vehicle." ORS 742.504(1). The limits of UM/UIM liability set by the relevant policy declarations are the limits of the insurer's liability for damages. ORS 742.504(7)(a).

Before amendment, ORS 742.504(9) included a provision that permitted insurance companies to limit the stacking of policies with anti-stacking clauses, and Oregon courts held anti-stacking provisions enforceable. *Vanwormer ex rel. Vanwormer v. Farmers Ins. Co. Or.*, 171 Or. App. 450, 456 (2000); *Heffner v. Farmers Ins. Co. of Or.*, 213 Or. App. 289, 295 (2007), *rev. den.*, 343 Or. 555 (2007). ORS 742.504(9) read as follows:

> (9)(a) With respect to bodily injury to an insured:
>
> > (A) While occupying a vehicle owned by a named insured under this coverage, the insurance under this coverage is primary.
> >
> > (B) While occupying a vehicle not owned by a named insured under this coverage, the insurance under this coverage shall apply only as excess insurance over any

PAGE 4 – ORDER

> primary insurance available to the occupant that is similar to this coverage, and this excess insurance shall then apply only in the amount by which the applicable limit of liability of this excess coverage exceeds the sum of the applicable limits of liability of all primary insurance available to the occupant.
>
> (b) <u>If an insured is an insured under other primary or excess insurance available to the insured that is similar to this coverage, then the insured's damages are deemed not to exceed the higher of the applicable limits of liability of this insurance or the additional primary or excess insurance available to the insured,</u> and the insurer is not liable under this coverage for a greater proportion of the insured's damages than the applicable limit of liability of this coverage bears to the sum of the applicable limits of liability of this insurance and other primary or excess insurance available to the insured.

ORS 742.504(9) (2013) (emphasis added). After SB 411, much of the statutory language changed, including the removal of statutory text once relied on to permit anti-stacking provisions. ORS 742.504(9), as *amended* by Or. Laws 2015, Ch. 5, now states:

> (9)(a) With respect to bodily injury to an insured:
>
> > (A) While occupying a vehicle owned by a named insured under this coverage, the insurance under this coverage is primary.
> >
> > (B) While occupying a vehicle not owned by a named insured under this coverage, the insurance under this coverage shall apply only as excess insurance over any primary insurance available to the occupant that is similar to this coverage, and this excess insurance coverage shall then apply only to the sums that the insured or the heirs or legal representative of the insured is legally entitled to recover as damages for bodily injury or death that is caused by accident and that arises out of owning, maintaining or using an uninsured vehicle.
>
> (b) With respect to bodily injury to an insured while occupying any motor vehicle used as a public or livery conveyance, the insurance under this coverage shall apply only as excess insurance over any other insurance available to the insured that is similar to this coverage, and this excess insurance coverage shall then apply only to the amount by which the applicable limit

> of liability of this coverage exceeds the sum of the applicable
> limits of liability of all other insurance.

Because of these changes, the parties dispute whether an anti-stacking provision in the insurance policy may be held unenforceable because the UM/UIM coverage would fall below the minimum requirements of ORS 742.504.

In each of the four cases, Defendant State Farm and plaintiffs filed cross motions for summary judgment. Defendant State Farm argues that the legislature intended to allow insurers to include anti-stacking provisions in UM/UIM policies, relying on the legislative history in developing ORS 742.504(9). Plaintiffs, on the other hand, argue that the amendment to ORS 742.504(9) evidences an intent to prohibit anti-stacking provisions.

No appellate court in Oregon has weighed in on this question. Recently, two Oregon circuit courts reached differing conclusions over whether contractual anti-stacking provisions are enforceable. *Compare Crystal Chadwell v. State Farm Mut. Auto Ins. Co.*, Marion County Circuit Court Case No. 19CV01140, (holding anti-stacking provision enforceable), *with Estate of Brenna M. Collacchi v. State Farm Mut. Auto. Ins. Co.*, Multnomah County Case No. 18CV49030 (holding anti-stacking provision unenforceable after the legislature amended ORS 742.504(9) with SB 411). Both decisions were appealed, but neither case has been argued before the Oregon Court of Appeals.

The question above determines plaintiffs' claims and raises a question of Oregon law, specifically the interpretation of Oregon statutes and their impact on Oregon insurance policies. There is also no controlling precedent in the decisions of the Oregon Supreme Court or Oregon Court of Appeals.

The Clerk of the Court is ordered to transmit this Certification Order, together with the copies of the docket sheets containing the names and addresses of the parties' attorneys, to the Oregon Supreme Court.

**IT IS SO ORDERED.**

DATED this __27__ th day of ____May____, 2020.

*Marco Hernandez*
Marco A. Hernandez, Chief Judge
United States District Court

PAGE 7 – ORDER